Bizer v. The Ottumwa Hydraulic Power Co. et al.

III.  The defendants W. D. Watrous & Co. obtained a tax deed of the property during the pendency of the action.

---

BIZER v. THE OTTUMWA HYDRAULIC POWER Co. ET AL.

1. **Nuisance :** PERMANENT: ONLY ONE ACTION: WHO LIABLE: ILLUSTRATION. Where a nuisance is of a permanent nature, all the damages caused thereby are deemed to accrue at once upon its becoming such, and a party injured thereby can maintain only one action therefor, covering all damages past and prospective, and that against the party doing the injury, and not against his grantee. Accordingly, where one company built a permanent dam across a river, and caused water to flow back on plaintiff's land, and after the dam was completed, sold it to the defendant company, which has done no act of which plaintiff complains, except to maintain the dam, *held* that no recovery could be had against defendant. (See opinion for authorities.)

*Appeal from Wapello Circuit Court.*

FRIDAY, OCTOBER 29.

ACTION to recover for an injury alleged to have been sustained by the back flowage of water caused by the erection of a dam. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff against the defendant, the Ottumwa Hydraulic Power Company, and the company appeals.

*W. W. Cory* and *McNett & Tisdale*, for appellant.

*H. B. Hendershott, J. W. Dixon* and *Stiles & Beaman*, for appellee.

ADAMS, CH. J.—The plaintiff is the owner of land upon the Des Moines river, a short distance above the city of Ottumwa. The dam in question was erected across that river, in or near the city of Ottumwa, in 1876, by the Ottumwa Water-power Company. The Ottumwa Hydraulic Power Company was organized in 1882, and succeeded, by purchase, to the Ottumwa Water-power Company in the ownership of the dam, water-power, and improvements connected therewith. After the sale and transfer by the Ottumwa Water-power Company to the Ottumwa Hydraulic Power Company, no change appears to have been made in the dam, and no act of the latter company is complained of. The complaint against that company is based upon the fact that the company, though notified to lower the dam, neglected and refused to do so. The verdict against that company was for $1,000, and, by a special finding, it is shown that the whole amount was allowed as for permanent damages. The jury found specially, also, that the dam and embankments are of a permanent character, and became so about 1879. The appellant insists that, if the dam was to be regarded as permanent from 1879, then the injury was to be estimated

upon the theory that it was to remain; and so the whole injury was caused when the dam became permanent, and it was to be paid for solely by the party which caused it, which was not the appellant, but the Ottumwa Water-power Company.

In our opinion the appellant's position must be sustained. In no possible view could the appellant be held liable for the damage sustained before its purchase, nor, on the other hand, could it be held liable for damage sustained after its purchase, except upon the theory that the nuisance was one which could and should be abated, and that the appellant was in fault in not abating it. But the special finding of the jury precluded this theory. Where an injury is permanent, it is such as is spoken of in the books as original,—that is, as accruing wholly when the wrongful acts were done; and is distinguished from an injury which is to be regarded as continuing,—that is, an injury that could and should be terminated, and is to be compensated strictly with reference to the past, and upon the theory that it would be terminated. *Town of Troy v. Cheshire R. Co.*, 3 Fost., 83; *Powers v. City of Council Bluffs*, 45 Iowa, 652; *Van Orsdol v. Railroad Co.*, 56 Id., 470; Gould, Waters, § 416. Where the injury is permanent, but one action can be maintained, and the recovery allowed is for all damages, past and prospective. The right of an action in such case accrues wholly against the party doing the injury. Such being the law, it appears to us that the general verdict against the appellant, the mere successor by purchase of the mill property, is inconsistent with the special verdict, and cannot be sustained.

REVERSED.