15   583
1a  154
1a  338

15   583
16a  556

## JACKSON V. ACKROYD.

A JUDGMENT FOR THE PLAINTIFF OBTAINED THROUGH A CLEAR DE-
PARTURE FROM THE ISSUES JOINED CANNOT BE SUSTAINED.—The
action was for damages to plaintiff's land abutting upon the street
of a city, which street, as appears from the complaint, had many
years previously been entered by the defendant's railroad company,
graded, and a double track laid upon the grade in front of plaintiff's
land, on which the company had run its cars ever since, but the in-
jury complained of being that the defendant, as receiver of said
railroad company, had, after his appointment as such receiver, in-
creased the height and width of said grade in front of the plaintiff's
property, and occupied a portion of said street for railroad purposes
on which said property abutted not previously used therefor, which
allegations were traversed by the defendant's answer, and constituted
the issue in the case.   A judgment in favor of the plaintiff, under
such circumstances, without any proof in support of the allegations
traversed, on the theory of his right to recover for the injury sus-
tained by the original construction and operations of the railroad,
cannot be permitted to stand.

*Error to District Court of Arapahoe County.*

DEFENDANT in error commenced this suit on the 23d day of February, 1886, by filing a complaint in which it is alleged that she then was, and at all times since January 17, 1883, has been, the owner in fee-simple of certain property, describing the same, and of the buildings and improvements thereon, " which but for the injuries hereinafter complained of would be of the value of, to wit, $15,000, but which, because of said injuries, are only of the value of $7,500." "(2) That the property abuts on Sixth street, in the city of Denver, which street has at all times since November, 1861, been one of the public streets of the city of Denver," etc. "(3) That long prior to the appointment of said defendant, as receiver of said railroad company, the said railroad company entered upon said street in front of the premises of the plaintiff, and near the center of said street, and constructed a grade or embankment thereon six feet high, and wide enough for a double-track railway, which it then laid down on said grade, and continued to occupy the same for railroad purposes from thence until the appointment of said receiver, and for the running of cars propelled by steam, leaving a space of only about eight feet between their said embankment and the outer edge of the sidewalk. That since the appointment of defendant as receiver of said company, and on, to wit, the 1st day of September, A. D. 1884, he, as such receiver, entered upon that portion of the street lying between the said embankment in front of plaintiff's premises and the sidewalk, and built thereon another or an addition to the said railroad grade to the height of six feet, and to the width of eight feet, thereby occupying all of said street not previously occupied by said grade adjacent to plaintiff's said premises except the sidewalk, and encroaching on said sidewalk two feet; so that by the wrongful acts of said receiver all ingress and egress to and from her said lots have been wholly cut off for vehicles of all kinds, except

upon the sidewalk, the safety of her said property endangered, the comfortable and profitable enjoyment thereof invaded, the rental values decreased one-half, and the actual value thereof decreased in the sum of $7,500; and that all of said acts of the said receiver were committed against the will of plaintiff, and without compensation to her. (4) That at all times since the construction of said additional embankment by the said receiver he has been charged with the sole management of said railroad, and has been running trains of cars on and over said railroad in front of plaintiff's said premises, at all hours of the day and night, and has been and is now occupying the said embankment for railroad purposes, to the exclusion of the public and of the plaintiff from the use of said street, and the special damage of the plaintiff as aforesaid. (5) That the said William S. Jackson was duly appointed receiver of the said railroad company by the circuit court of the United States on the 9th day of July, A. D. 1884, and qualified and took control and sole management of the said railroad property and equipment thereof on the 11th day of the same month, by virtue of the order and decree of said honorable court, made in a certain cause then and now pending in said court, wherein Elias L. Frank *et al.* are complainants, and the Denver & Rio Grande Railway Company *et al.* are defendants, and that he is now operating, controlling and managing all of the affairs and business of said railway by virtue of his said appointment. Wherefore plaintiff demands a judgment against said William S. Jackson, as receiver as aforesaid, for the sum of $7,500, her damages as aforesaid, and for the costs of this suit."

A demurrer was filed on the ground that the complaint did not state a cause of action, which was overruled. Defendant answered specifically, denying the allegations of the complaint, and as a special defense alleged the corporate character of defendant; the granting of the right of way to defendant by the city by an ordinance of June, 1871, through the street in question, and in front of the premises

of plaintiff, authorizing it to build, maintain and operate the railway along and over the street, "together with the right to lay down a single or double tracks, switches or sidings," etc.; setting out the ordinance *in hæc verba*, in which it is provided that the established grade of a railway through the street in front of plaintiff's property should be regarded as the grade of the street; alleges the construction of the road upon an embankment in the street; the continual operation of the same, without objection on the part of plaintiff, until it went into the hands of the receiver on the 12th day of July, 1884; and continues as follows: "And this defendant further alleges that the said embankment on which said railway is situated, along and at the side of the premises of the plaintiff, has not been raised or widened since the year 1880; that the grade line of railway along said street is still the established grade of said street as such; that ever since the construction of said railway, and of said embankment, the same have been situated, operated and used in the same manner as at the time of the institution of this suit; that the same have been so situated and so operated for more than six (6) years prior to the beginning of this action, during all of which said time plaintiff has made no complaint and raised no objection to the existence or operation of the same;" and for a further defense pleads that the cause of action did not accrue within six years. The special defenses were traversed by a replication. On June 8 and 9, 1887, trial was had to a jury.

The defendant, among others, prayed the court to give the following instructions: " (4) The defendant is not liable to the plaintiff for any depreciation of the value of the property mentioned in the complaint prior to the purchase of the same by the plaintiff. (5) If you find from the evidence that the defendant's railroad had been constructed and operated before the plaintiff's purchase of her property, substantially the same as it has been since, and that the plaintiff bought the property with knowledge of the existence and operation of the railroad in front of same, then

she is not entitled to recover from the defendant by reason of the continued operation and maintenance of said railroad. (6) Where one buys a city lot bordering upon ground set apart or dedicated to any public use, he takes it subject to all the annoyances incident to the purpose of the dedication; and in this case, if Sixth street, in front of plaintiff's premises, was occupied by the defendant for railroad purposes by authority of the city of Denver, the plaintiff in purchasing said premises took them subject to the annoyances of the proximity of the railroad and its operation;" which were refused, and exceptions saved to the refusal of each. The court, upon its own motion, instructed the jury as follows: "The only question to be submitted to you for consideration is, How much is this plaintiff entitled to, by way of compensation, for any diminution in value of the property owned by her which has been described to you in the testimony? If the defendant company built its railroad along the street adjacent to the property belonging to the plaintiff, for the purpose of operating the same in the manner usual with railroad companies, then the plaintiff is entitled to recover the difference between the value of the property as it was before the railroad company took the street for the purpose of its road, and the value after it had been taken for that purpose, and the operation of its road as a railroad.  *  *  * The question then will be simply as to the difference in value by reason of the building and operating of the road upon the established grade, as compared with the value of the property before the construction of the road.  *  *  * If the jury find from the evidence that the property of the plaintiff has received permanent injury and damage from the maintenance and operation of defendant's railway, then the measure of her compensation is the actual diminution in the market value of her premises for any use to which they may reasonably be put." Defendant excepted to the charge. The jury found a verdict for the plaintiff for $500. A motion for a new trial was overruled, and judgment entered upon the verdict.

Messrs. WOLCOTT & VAILE, for plaintiff in error.

Messrs. BROWNE & PUTNAM, for defendant in error.

REED, C.   The case here presented for examination and review is peculiar.   The case made by the complaint is one against the receiver, who was appointed July 9, 1884, and entered into the possession and assumed the management of the property on the 11th of the same month, for special damages and injury to the property of defendant in error by acts alleged to have been committed by him, commencing on, to wit, September 1, 1884.   It is alleged in the third paragraph of the complaint that at that date the receiver entered upon the street between the former embankment and the sidewalk in front of the premises, built another embankment eight feet wide and six feet high, using all the street upon that side and two feet of the sidewalk, "so that by the wrongful act of said receiver all ingress and egress to and from her said lots have been wholly cut off for vehicles of all kinds, except upon the sidewalk, the safety of her said property injured, the comfortable and profitable enjoyment thereof invaded, the rental values decreased one-half, and the actual value thereof decreased in the sum of $7,500."   In the former part of the same paragraph it is stated, as a necessary part of the history of the case, that long prior to the appointment of the receiver the road had been built; that there was in the middle of the street an embankment six feet high, wide enough for two tracks, etc.; and that from the time of its construction to the appointment of the receiver the railroad company had continued to operate the road, etc.   There is no allegation of damage and diminution of value of the property by reason of its original construction and operation from its inception down to September 1, 1884,— no complaint or claim for damage. It seems to have been conceded that defendant in error bought the property subject to all the inconveniences arising from the former building and subsequent operation of the road, as it had been built and was being operated at the

time of such purchase. The only acts complained of, and for which damages were sought, were those of the receiver, as shown in paragraphs 3 and 4 of the complaint. These allegations in the complaint were specifically denied in the general answer, and again in the second defense, where it is said: "And this defendant further alleges that the said embankment on which said railway is situated, along and at the side of the premises of the plaintiff, has not been raised or widened since the year 1880; that the grade line of railway along said street is still the established grade of said street as such."

The issues so made were the only ones that could have been properly tried under the complaint. But plaintiff in error, after specifically traversing the allegations in the complaint, did not deem it sufficient, but pleaded the right of way obtained from the city, and alleged the original building and operation of the road in front of the property in nearly the same language that the fact was stated in the complaint, and adding the plea of the statute of limitations. The extent and scope of the suit seem to have been misconceived by plaintiff in error, and regarded as a proceeding to recover damage for the original construction,— on no other theory can we understand its defenses,— and the eminent judge before whom the case was tried seems to have fallen into the same error. The case, as made by the pleadings against the receiver for alleged injuries to the property after September 1, 1884, was not tried at all. Some testimony in regard to the alleged injuries was introduced by plaintiff in error, which we shall have occasion to refer to hereafter. The inquiry to which the testimony was directed was that propounded to the first witness, and runs through the entire testimony of defendant in error, viz., the value of the property in its present condition, and what its value would have been if the railroad had never been constructed and operated. And the same question is distinctly submitted to the jury by the first paragraph of the instruction given by the court, and afterwards condensed, and again

given in these words: "The question, then, will be simply
as to the difference in value by reason of the building and
operating of the road upon the established grade, as com-
pared with the value of the property before the construction
of the road." The instruction, aside from not being directed
to any issue in the case, is hard to be understood and ap-
plied. It was alleged and conceded that the road was con-
structed in 1871. We can find no testimony in the record
to show what the value of the property was before the con-
struction of the road or for some years afterwards. It will
be observed that no instruction whatever was given by the
court regarding the alleged wrongful acts of the receiver,
and special damage by reason of the alleged further use
and appropriation of the street by the receiver after Sep-
tember 1, 1884, for which the suit was brought and upon
which the issues were made. It is ably contended in argu-
ment by counsel for plaintiff in error that defendant in
error, who became the purchaser of the property in 1883,
could not maintain an action for damages to the property
for the building and operation of the road, as it had been
built and operated some twelve years before she became
the owner, and cite numerous authorities in support of the
proposition. They also contend that the instructions asked
in support of their position, numbered 4, 5 and 6, should
have been given, and that the refusal was error. In a
proper case, where the question was properly raised and
necessary to be determined, we might agree with counsel,
and hold that a refusal so to instruct was error. *Ditch Co.
v. Anderson,* 8 Colo. 131; *Railroad Co. v. Loeb,* 118 Ill. 203;
*Railroad Co. v. McAuley,* 121 Ill. 160; *Railroad Co. v.
Maher,* 91 Ill. 312; *Bizer v. Power Co.* 70 Iowa, 145; *Rail-
road Co. v. Strange,* 63 Wis. 178. But this would not pre-
clude the owner from recovering special damages for un-
warranted acts further diminishing the value of the property
after he or she became the owner.

Counsel for defendant in error urge that the judgment
should be affirmed, and say, in speaking of the cause of

action as stated in the complaint: " She alleges the construction of the railroad as originally constructed long prior thereto, but only by way of inducement.   *   *   *   She then shows the appointment of Jackson as receiver, and that on September 1, 1884, and subsequently, he caused the damage complained of; " reiterating the allegations of the complaint.   Then adds: " It was for this additional burden thus imposed that plaintiff sued and recovered after a trial before a most careful and learned judge.   *   *   *   The recovery was limited to the damages sustained between the date of the addition to the embankment, September 1, 1884, and the service of the summons, February 19, 1886.   *   *   * The injuries complained of could not have accrued to the grantor of the plaintiff, because they arose long after her title accrued."   Again, counsel say: " We do not sue for the operation of the railroad constructed and in use at the date of our purchase, but for the invasion of our right to the occupancy and use of a part of a public .thoroughfare open to public use at the date of our purchase, and taken afterwards by the defendant for railroad purposes, whereby we were entirely foreclosed of the use of the street on which our lots abut."

The statement of counsel in regard to the scope, intent and object of the suit, as stated in the complaint, is correct. But we cannot agree with their conclusion that the recovery was limited to damages accruing after September 1, 1884.   We can find no testimony introduced on the part of defendant in error (plaintiff below) in support of the allegations in the complaint of the wrongful acts of the receiver after his appointment.   Two or three witnesses testified to an increased use of the street by widening and raising the embankment and the addition of tracks between the date of its construction and bringing suit, but no dates are given except by the witness Eckels, who says: " The change was made in the spring of 1881."   The whole inquiry on the part of defendant in error on the trial seems to have been predicated upon the supposed right to recover damage for the

original construction and subsequent operation of the road. On the part of the defendant (plaintiff in error) two or three witnesses testified that, after the appointment of the receiver, only changes of slight importance were made; consequently the case attempted in the complaint fails for want of evidence, and the judgment was erroneous. But, as shown above, there was an entire departure, and the trial of another and different case. The judgment should be reversed and the cause remanded.

RICHMOND and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*