Reed, J.
It is alleged in the complaint of defendant in error, who was plaintiff below, that she for eight years or more, previous to the bringing of the suit, had been the owner of a lot in the West Division of the city of Denver, on which had been built one frame building of three rooms, and two brick dwellings of four rooms each. Prior to August, 1889, the plaintiff in error had constructed and had been operating its railroad in the street in front of the premises for some years; that there was one side track, and one double or three rail track, laid upon an embankment alleged *337 to have been three feet high in front of the property; that in August, 1889, plaintiff widened the embankment on the side toward the property, and put in a stone retaining wall; that such additional embankment and wall were two feet high, upon which an additional track was laid and used. The increased width of the embankment by such addition is not given, but is alleged to extend within ten feet of the line of the lot. The action was brought to recover damages to the property by reason of such further use and appropriation of the street and operating the additional track.
The allegations of damage are as follows: “ that the entire street in front of plaintiff’s said lot and premises, except ten feet of the sidewalk, is now occupied by defendant’s said railroad, the ingress to and egress from said lot and premises by Sixth street wholly cut off. That the said last named track is a permanent structure, intended to be perpetually used by the defendant, and is in constant use by the defendant for running of trains of cars, propelled by steam; that thereby the plaintiff’s property is endangered by sparks of fire from defendant’s engines, the walls of her said house cracked, the plastering torn off, the rate of insurance increased annually in the sum of twenty-five dollars, the rental value thereof decreased in one hundred dollars per month, and large quantities of dust, cinders, and live sparks cast in and upon her said house and the personal property contained therein, to her damage in the sum of five thousand dollars.”
The corporation answered, denying severalty every allegation of the complaint, pleaded specialty its corporate existence, its grant of right of way in the street by an ordinance of the city of Denver; admits the construction of a side track in front of the premises, closing with the following : “ but which in no wise injures or interferes with the plaintiff’s alleged property, or does any damage or injury to the plaintiff whatever.”
The case was tried to a jury, resulting in a verdict of $2,500 in favor of defendant in error, and a judgment upon the verdict.
*338 If the plaintiff below could recover at all, she could only-do so for the new and increased servitude of her property, and for the damages sustained by the increased burden by reason of the extension and widening of the grade in August, 1889, and operating a track upon it. It is conceded that the surface of the railroad embankment was at the established grade of the street,- hence, the sidewalk and property were below the grade a distance equal to the height of the wall and embankment.
Analogous questions, and questions identical have several times been before the supreme court of this state, as well as in other states having the same constitutional provision. The conclusion in all has been that a recovery could be had in all cases where private property was substantially damaged by the construction and use of an improvement, public in its character, and this, whether the injury is by direct invasion or consequential. See Denver v. Bayer, 7 Colo. 113; Longmont v. Parker, 14 Colo. 386; Jackson v. Ackroyd, 15 Colo. 583; Rigney v. City of Chicago, 102 Ill. 64; Chicago &. W. I. R. R. v. Ayres, 106 Ill. 518; Chicago v. Taylor, 125 U. S. 161. See also in England, case of Beckett v. Railroad Co., L. R. C. P. 82.
The.widening of the grade and putting down the additional track having been conceded, the questions are:
First. Was there a substantial damage?
Second. The amount of damage.
In Denver v. Bayer, (supra,) the measure of damage and rule for arriving at it is plainly and clearly stated to be, “ The measure of his compensation is the actual diminution in the market value of his premises for any use to which they may reasonably be put.” In Chicago v. Taylor, (supra,) it is said, “ Has the value of this property, to sell or rent, been diminished by the construction ? ”
It will be observed that in the complaint several of the allegations of damage, as such, are not actionable of themselves individually, to wit: danger from fire by sparks, the shaking of the buildings, increased insurance, etc. If a *339 foundation had been laid by proper proof of diminution in value, such facts might be proved as individual elements • helping to make up or causing the diminished value, but then, a trouble would arise. There were two tracks constructed and operated before, which must, in a greater or less degree, have caused the same damage and inconvenience previous to the construction of the last track, and it would seem impossible to show how much of the aggregated damage from those causes existed previous to the laying and operating the third track. The nearer proximity of the third track, and increased traffic, would, without doubt, increase and aggravate the inconveniences, but how much it might be impossible to determine. There was too much evidence on these causes or elements of damage, and too wide a range was allowed. It involved the entire road, instead of being confined to the subject of inquiry, and in point of time it was not confined to its proper limits. It was liable to mislead the jury and lead it to a consideration of the causes or elements of damage, instead of the actual diminished value of the property. Such evidence should not be admitted except as explanatory of an actual statement of an amount of damage sustained. While the opinions of witnesses in regard to damage, in such cases, are admissible when the proper foundation is laid, the same rule does not apply to jurors. They cannot substitute their opinions, formulated upon the evidence of elements or causes of damage, for proof of actual damage. The diminished rent of the property for any and all purposes by reason of the construction might and would be proper evidenoe of a corresponding diminution in the value of the property, and one proper method of reaching it,—but the inquiry must be sufficiently broad to cover the rental for any purpose. Property for other purposes might bring a greatly increased rent, and be in no way desirable for residence, consequently, regardless of the method by which it is reached, the only question to be determined was,—how much was the market value of the property diminished by the increased servitude? Of this there was no proof whatever. *340 There is no question of preponderance of evidence, hut an absolute want of all evidence upon which a verdict could be predicated, and the jury was left to infer, conjecture, or guess at damage. A jury cannot assume and perform the duties and functions of appraisers. There was no evidence whatever of a market value, nor of any demand for property so situated, or the property in question, for years before the addition to the grade and laying of the third track, nor of diminished value by reason of it. The attempt to show a diminished rent resulted in failure. On cross examination it was conceded by the owner, that the rent from August, 1889, to the time of bringing suit was the same that it had been from January 1st to August. We think the court erred in refusing a judgment of nonsuit.
For the reasons above given the judgment will be reversed and the cause remanded for a new trial.
Objections are urged to the instructions given, and the refusal of the court to give certain instructions asked. We do not find it necessary to examine them at length. There was no evidence to which they were applicable. Sufficient, in the preceding, has been said to indicate what the proper instructions should be.

jReversed.