FRANK D. THOMAN v. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

Master and Servant: CONTRIBUTORY NEGLIGENCE. A brakeman was ordered to go to the head of his train, to flag. He knew that ties were being thrown out of a car in that train by men who were not warned of his passing, and who could not see him until he came opposite the door of that car, or nearly so. While passing the opening he was injured by a tie thrown out of it. *Held*, he was guilty of negligence, and would have been so if he had been directed to go by the particular route which he took, and directed to hurry.

Practice. It is not error to refuse letting defendant plead a settlement alleged to have been made long before the trial, after plaintiff has closed his evidence.

*Appeal from Tama District Court.*—HON. JOHN R. CALDWELL, Judge.

WEDNESDAY, OCTOBER 17, 1894.

PLAINTIFF states as his cause of action that while in the employment of the defendant as a switchman in its yards at Tama City, he was ordered by his foreman, the yardmaster, Montgomery, to go out on a train of cars as a brakeman; that, in obedience thereto, he went on said train, the same being loaded with ties for distribution along the track, and that, about two miles out, the employees commenced unloading said ties; that, while so engaged, said foreman, then in charge of said train, ordered plaintiff to proceed from the rear end of said train to the front, and flag an incoming train; that he started to do so, and while passing the car from which the ties were being unloaded, "without any carelessness or negligence on the

part of plaintiff, the said employees, without warning, carelessly and negligently threw from said car a large and heavy tie, and with the same struck plaintiff on the head," seriously injuring him, to his damage. The defendant answered, denying generally; and upon these issues a verdict and judgment were entered for the plaintiff. Defendant appeals.—*Reversed*.

*Hubbard & Dawley* for appellant.

*Struble & Stiger* for appellee.

GIVEN, J.—I. Appellant presents among other grounds for reversal, the claim that, by the uncontroverted evidence, the plaintiff is shown to have been guilty of such contributory negligence as defeats his right to recover. There is no material conflict in the evidence as to how the accident occurred, and the facts shown are substantially as follows: Plaintiff was in the employ of the defendant as a switchman in its yards at Tama City, performing his duties under the direction of Mr. Montgomery, the yardmaster. On the day the plaintiff was injured, he, in obedience to the order of Mr. Montgomery, went with the switching crew, of which he was one, in charge of a train composed of the switch engine, a coal car loaded with rails, and a box car loaded with ties, north from Tama City, to distribute rails and ties at points along the line, to be used by the sectionmen in repairing the track. The train was in charge of Mr. Montgomery, as conductor, and, on arriving at the place of the accident, was stopped; and three sectionmen, under the direction of Mr. Gadbury, section foreman, commenced to rapidly throw out ties through the east door in the middle of the box car. Gadbury stood on the ground on the north side of the door, to see that the ties sufficiently cleared the track. Plaintiff's duties on the train were those of hind brakeman, his place being

in the rear end of the box car. When the train stopped,
Montgomery passed from the engine along the east
side of the train between the unloaded ties and the
fence to the rear, and, on reaching the box car, called
the plaintiff, and told him to go forward, get a red
flag, and flag the train, and to hurry. Plaintiff states
that when he came around the corner of the box car
he saw they were throwing out ties, and, before start-
ing, looked over toward the fence, saw ties thrown,
and thought it was safer to go close to the car than
twenty feet away; started to go along between the ties
on the ground and the car, about an arm's length from
the car on the ground, two feet below the track. That
after he started, he stopped until one tie was thrown
out. "Then Montgomery said, 'Now hurry ahead.'
I attempted to obey. After he said, 'Hurry up,' I
took eight or ten steps before I got hit.   *   *   * I did
not think about asking Gadbury to have them stop a
minute until I got by. I did not have any time to tell
him." Gadbury testifies that he heard Montgomery
tell plaintiff to "go forward, and flag the train, and to
hurry up;" that he was not thinking of anybody
getting in the way; that he was noticing the men at
work, and did not notice which way plaintiff was
going, until he was in front of the door; that he called
to him, but too late. He says: "I think Montgomery
told him to go around, and told him to go ahead and
flag, and then told him to hurry.   *   *   * He told
him to hurry just a few seconds before he was struck.
A few seconds before that a tie had been thrown out.
It all happened in a. very few seconds." Montgomery
testifies that he passed from the engine to the rear end
of the car between the fence and ties when they
were throwing out ties, and that it was safe to do so;
that he told plaintiff to go to the engine, and get a red
flag, and flag the train, but did not tell him which
way to go, and supposed he was going to follow him

around the ties. "Looked around, and he was just passing between the car and the pile, kind of stooping. He was moving right along. I think I hallooed, 'Look out. Do not go through.' * * * I spoke too late, and it hit him." It will be seen from the foregoing that plaintiff was simply ordered to hurry forward and flag the train; that he was left to choose his own way; that, before starting, he knew that ties were being rapidly thrown out, and that he could not be seen by the men in the box car until opposite or near to the door. He chose the way of danger, instead of the one of safety, knowing of the danger, and went heedlessly and recklessly into it, without giving any warning of his approach, and knowing that no warning had been given to the men in the car. Even if it was true that Montgomery had told him to go that way, and to "Now hurry," still it was negligent in the plaintiff to go forward without giving some notice of his approach to the employees engaged in unloading the ties. We have not attempted to set out or discuss the evidence bearing upon this question in detail. It is sufficient to say that, in our opinion, it shows without conflict that the plaintiff was guilty of negligence, directly contributing to cause the injury complained of.

II. Appellant complains that, at the end of plaintiff's evidence, leave to file an amendment to its answer setting up a settlement and release was refused. There was no error in the refusal. The settlement and release alleged were made long prior to the trial, and, if desired to be pleaded, should not have been withheld until the trial.

As, for the reason stated, the judgment of the district court must be reversed, we do not consider other question urged by appellant. REVERSED.