WALTER BRUHN, Administrator, Appellant, v. FORT DODGE STREET RAILWAY COMPANY et al., Appellees.

**NEGLIGENCE:** Acts Constituting—Anticipating Presence of Trespasser. The operator of a street car is not negligent because he does not, before starting the car in the usual manner, anticipate the possibility that some trespasser may have secreted himself in some unusual, dangerous, and not-to-be-apprehended place about the car.

**PLEADING:** Amendment—Inconsequential Fact. An amendment in a personal injury action is properly rejected when it seeks to prove a fact which sustains no relation whatever to the proximate cause of the accident.

**PLEADING:** Amendment—Issue-Changing Amendment. An amendment made at the close of the evidence is properly rejected when it would reverse the entire theory on which the cause has been tried, and require a reopening of the case for further testimony.

**PLEADING:** Amendment—Changing Theory of Trial. When a *joint* action against a street railway company and its employee has been tried on the theory that the employee's negligence is the negligence of the master, the court may very properly reject a belated amendment which would inject into the case an issue of negligence *on the part of the master only*.

*Appeal from Webster District Court.*—R. M. WRIGHT, Judge.

MARCH 13, 1923.

THIS is an administrator's action for damages for the wrongfully caused death of his intestate. The intestate was a little boy five years of age. One of the cars of the defendant street railway company ran over him, and thereby inflicted fatal injury. The car was operated by defendant Fallon, as motorman and conductor. The action is predicated upon the alleged negligence of Fallon. The defense was a general denial. There was a general verdict for the plaintiff, and certain special findings that were in favor of defendants. The trial court entered judgment upon the special findings, and dismissed the petition. Plaintiff appeals.—*Affirmed.*

*Mitchell & Files,* for appellant.

*Dyer, Jordan & Dyer, Price & Burnquist,* and *Healy & Breen,* for appellees.

EVANS, J.—I.  The accident occurred on April 11, 1921, in the city of Fort Dodge.  The defendant street railway company operated a line of street railway in said city.  Each car was manned by one man, who acted as motorman and conductor.  Fallon was one of these. He made a round trip every hour.  The round trip consisted in passing from the west end to the east end and back again.  Fallon had just arrived at the west end a few minutes before 10 o'clock A. M.  What is called the "west end" of the line is also a south end.  The terminal at this end is on a north and south street, known as Fourth Street.  The railway line extends south thereon to Third Avenue, and stops adjacent to a railway depot.  At this terminal, the car stood in a north and south direction, the south end of the car being its front end, upon arriving at this terminal, and being its rear end upon departure.  Fallon arrived at this terminal with one passenger, which he there discharged.  For the purpose of reversing his direction, it was his duty then to reverse the trolley pole and to transfer the controller and his cash box and his seat from the south end to the north end.  This duty he performed.  In changing his trolley pole, he passed first to the north end and then alongside of the car to the south end. He then boarded the car at the west door of the north end, and made the inside changes.  He thereupon sounded his gong, as contended, and started the car, only to discover, a moment later, that he had run over the child.  This child, as appears from plaintiff's evidence, had taken a position upon the north fender of the car and on its east side, and was in that position when the car started.  The story of the accident is very harrowing, and is not conducive to the exercise of cold judgment.

The plaintiff specified six grounds of negligence.  They were all reducible to the general allegation that Fallon was negligent in failing to discover the child in his perilous position, and in failing to protect him in such position, in that he started his car without sounding the gong, and without looking to see whether anyone was in front of his car.  The only substantial

1. NEGLIGENCE: acts constituting: anticipating presence of trespasser.

dispute of fact appearing in the evidence was whether Fallon sounded his gong. There is no direct evidence that Fallon saw or knew of the presence of the child. If that fact might be inferred from the circumstance that he could have discovered him, it is yet eliminated from the case by the special finding of the jury that he did not see the child. It was also the special finding of the jury that he sounded the gong. The only direct observer of the accident was plaintiff's witness Lloyd, who was approaching the car from the north, and was a half a block away when he saw the child sitting on some portion of the fender, and immediately thereafter saw the start of the car and the disappearance of the child thereunder. The same witness testified that, after the accident, he boarded the car and took a position in front of the north window and looked out therefrom, and was barely able to see the fender through such window, only the edge of the same being visible. This witness was some inches taller than Fallon, who testified that the fender was not visible to him from his place behind the controller.

It will be noted that the tender years of the child eliminate the question of contributory negligence. So far as the negligence of Fallon is concerned, in failing to discover the perilous position, the question of decedent's age is not controlling. The measure of duty of care to discover the peril and to protect the party exposed thereto was precisely the same as it would have been if the injured party had been adult. The fender in question was so attached to the end of the car that it could be extended forward or pushed backward under the car. At this time, the fender extended forward about 18 inches. Just what its position was underneath the car is not clear from the record, nor is there any showing of the exact place on the fender taken by the child, except that it was on the east side. How far back or underneath the child was, does not appear. The witness was too far away to make accurate judgment in that regard. There were no other children about the car or on that part of the street at that time, nor had this child ever been in and about a street car before. Fallon had not seen the child in the vicinity of the car before it started.

It was the duty of Fallon to keep a lookout, and to discover all discoverable persons who were in front of his car or in close

proximity thereto. Was it his duty to leave the car and to make a personal inspection of the fender, to see that no one had attached himself thereto? If it was his duty to do so on this occasion, it was a constant and continuing duty, and its performance would be required from him at every stop he might make, if the stop were of sufficient duration to enable someone to take a perilous position upon his car without his observance. Manifestly, if Fallon knew that any person was in such position, whether trespasser or not, he would be guilty of actionable negligence if he failed to use reasonable care to protect him. Would he be equally liable if he failed to discover the perilous position of a trespasser? As already indicated, he was under duty to maintain a lookout. He would be chargeable with the duty of discovery of whatever such lookout would disclose. In the absence of any circumstance suggesting the necessity of special inquiry or investigation, he was not chargeable with other discovery than a faithful lookout would disclose. It is clear in this case that the injured person had so attached himself to the car that he was not discoverable to Fallon, except by his leaving his working position and making a special search. No circumstances are disclosed which could have suggested to Fallon the necessity for such a special search.

Innocent as the injured party was in this case, and though sorrowful and heart-rending the result, the measure of the duty of discovery of his peril, imposed by the law upon Fallon as motorman, was not different than it would have been if the injured person had been a responsible and willful trespasser.

In view, therefore, of the special findings of the jury, that Fallon did not see the peril of the injured person, and that he had not failed, as contended, to sound his gong, we are constrained to hold that the trial court properly entered a judgment of dismissal of the petition, upon the special findings.

II. At the close of the evidence, the plaintiff presented and asked leave to file an amendment to his petition, wherein he alleged two additional grounds of negligence. Upon the resistance of the defendants, this application was denied, and complaint is made of such ruling. The first of the new grounds proposed to be pleaded was the violation of an ordinance of the city which

2. PLEADING: amendment: inconsequential fact.

prohibited the stopping of a street car upon any intersection of streets. It appears in this case that the line of the street railway company extends south along Fourth Street to the north line of Third Avenue. There was no encroachment by the rails upon Third Avenue; but, in driving the car to the end of the rails, there was an overhang to the south end, which extended a few feet over the line, onto Third Avenue. On the face of it, this fact would seem to sustain no relation whatever, as a proximate cause of the accident. The suggestion is made by the argument of plaintiff that the jury could have inferred that the child was crossing Fourth Street, and was thereby compelled to go around in front of the north end of the car in order to cross, and that he was in the act of crossing, as a mere pedestrian, at the time the collision occurred. This would have been contradictory to the evidence of the principal witness for the plaintiff. It would also have changed the whole theory of fact in the case, and would have required a reopening of the case for the purpose of further evidence. No excuse was shown for a failure to present the pleading earlier. The trial court acted clearly within its discretion in refusing to permit the amendment.

3. PLEADING: amendment: issue-changing amendment.

The second ground of such proposed amendment set up the violation of another ordinance, which required the street car company to provide for its cars fenders of certain standards.

What we have already said as to the first ground is also applicable here, as regards the discretion of the trial court. There is a further reason which is quite controlling. This action was brought as a joint action against a master and servant, and was predicated upon the negligence of the servant, for which the master was necessarily liable. Such joint action could not be predicated upon any other negligence than the negligence of this servant, Fallon. If it be true, therefore, that the street railway company had failed to provide the kind and standard of fenders which the ordinance of the city required, this was not a negligence of Fallon's. He had no control over his employer in that regard, and had no responsibility or blame for the failure. Inasmuch, therefore, as the plaintiff was prosecuting a joint action against master and servant for the negligence of that

4. PLEADING: amendment: changing theory of trial.

servant, he could not predicate a ground of joint liability upon a negligence in which the servant had no part. There was no error in refusing this amendment.

Other assignments of error are predicated upon the rejection of certain offered evidence. If the ruling of the court had been otherwise in each case, and the evidence had been permitted to stand, it could have no effect upon the result. We have no need, therefore, to discuss them. For the reasons indicated, the judgment below is—*Affirmed.*

PRESTON, C. J., STEVENS and ARTHUR, JJ., concur.

FAVILLE, J., not participating.