MAUD CARY-PLATT, Appellant, v. IOWA ELECTRIC COMPANY, Appellee.

March 12, 1929.

*George S. Banta,* for appellant.

*Barnes, Chamberlain, Hanzlik & Thompson* and *Carr, Carr & Kehoe,* for appellee.

WAGNER, J.—The appellant assigns as error rulings of the court on the introduction of evidence, the sustaining of a motion for directed verdict, and the sustaining of a motion striking an amendment to the petition. The action of the court in striking the amendment to the petition is the principal matter involved in this appeal.

The action is for damages to plaintiff's farm, alleged to have been caused by the flooding of the same by defendant's dam across the Maquoketa River. The appellant's farm, consisting  of approximately 53 acres, is above the dam, and lies adjacent to said river. The petition asks for damages in the sum of $3,000, and alleges that the defendant, in order to attain as great a head of water at its said dam and power plant as it can reasonably do, has raised and maintains continuously the water at such level as to flood and overflow, or render valueless, a large portion of plaintiff's land; "and that the injury sustained by the plaintiff, as therein detailed, as sustained by the loss and damage to her land, *is a permanent loss and damage.*" (The italics are ours.)

The appellee in its answer pleads the Statute of Limitations and the facts upon which said plea is based, and also that the

right of action for damages, if any, accrued to plaintiff's grantors, and that no assignment of same was made to plaintiff; that said claim for damages does not accrue to the plaintiff by reason of the conveyance to her of the land in question.

At the time of the trial, it was stipulated between the parties that a concrete dam was erected in 1904, which raised the water above the dam 8½ feet from the bed of the stream; that, during the same year, there were flashboards placed on the top of said concrete dam to a height of 16 inches, which have been continuously maintained at said height ever since, and have continuously maintained the head of water 16 inches above the height maintained by the original concrete dam, except at such times as they were taken out or damaged by high water; but that they were repaired and replaced at the same height as soon after they were taken out as the work could conveniently be done; that said flashboards consisted of a 12-inch plank, with a 4-inch strip, commonly known as a 2 x 4, nailed on top thereof; that, sometime in the year 1918 or 1919, the defendant placed on top of the 16-inch flashboards two 2 x 4's; and that said flashboards, with the 2 x 4's on the top, have been maintained continuously by the company since that date, maintaining an additional head of water above the dam, by reason of the addition of the two 2 x 4's, as stated.

The plaintiff called the division manager of the defendant company as a witness, who testified that the flashboards on top of the concrete are two 2 x 12's, edgeways; that the top of the concrete dam is floored with planks, set flush with the concrete; that the flashboards are nailed to blocks, fastened to the top of the floor, and that said flashboards are further supported by being wired back to the back edge of the dam; that the support does not always hold, but at times, during high water, the rubbish coming down the river breaks some of the planks off, but that they are replaced when the river subsides; that there has been no change of any kind made on the dam within the past four or five years; that, in 1916, when he first became familiar with the dam, there was a 2 x 12 and a 2 x 4 on top of it, which was constructed in the same manner as the present construction, spiked and built permanently on top of the dam; that the additional raise of 8 inches was constructed in 1919, the flashboards at that time consisting of a 12-inch plank and three 2 x 4's; that

the additional head of water of 8 inches has been maintained continuously since 1919.

The appellant then called as a witness the owner of land above the dam and above the land of the plaintiff, and propounded to him questions relative to the conditions caused by the water during the last five years, to which interrogatories the appellee's objections, containing, among other things, that the answers called for are not within the issues, were sustained.

Thereupon, the plaintiff, without obtaining leave of court, filed an amendment to the petition. In said pleading she asks leave to amend her petition to conform to the stipulation of the parties and the evidence thus far introduced. It is therein alleged that the record now affirmatively shows that the damage which plaintiff suffers and has suffered, and for which she is seeking a recovery, is a result of temporary construction at defendant's dam, to wit, flashboards, of timber construction, which are fastened to said dam and on the top thereof with nails and wire only; that said planks or flashboards are sometimes removed by floods and then replaced; that said flashboards increase the water level approximately 24 inches, which is causing her irreparable loss and injury; and that the plaintiff is entitled to an abatement of said cause by a mandatory injunction requiring the defendant to remove the flashboards; that the loss for which she is entitled to recover for five years prior to the bringing of this action is $200 per year. She prays judgment for said amount, and a mandatory writ of injunction.

The court struck the amendment, on motion of the appellee. This ruling by the court is provocative of the principal contentions of the respective parties to this litigation.

Before passing to the consideration of the same, additional facts should be stated. On August 25, 1915, H. C. Smith, the prior owner of the real estate, entered into a contract with Lemrond for the sale and conveyance of said real estate, upon the payment of the purchase price and the performance of certain conditions by the vendee. On December 10, 1920, Lemrond assigned his equity in the farm to the appellant, who, in March, 1923, received a deed of conveyance from Smith, the original owner.

Now, what as to the ruling of the court in striking the aforesaid amendment? It will be observed that, in the original peti-

tion, the plaintiff asked damages for $3,000, for permanent injury to the real estate; while in the amendment she prays for damages caused during the last five years prior to the commencement of the action, in the amount of $1,000, and prays for a mandatory writ of injunction, to remove the flashboards from the dam. In her original petition, she asks for permanent or original damages; while in the amendment she prays for damages claimed to have been caused by an abatable nuisance. The entire theory of the case was changed by the amendment. When an injury is permanent, it is spoken of in the cases as original, and but one action can be maintained, and recovery allowed is for all damages, past, present, and prospective. Where the nuisance is permanent, the damage is to the land itself, and the cause of action arises when the land is first flooded, and successive actions cannot be brought. See *Irvine v. City of Oelwein,* 170 Iowa 653; *Bizer v. Ottumwa Hydraulic Power Co.,* 70 Iowa 145. Where the alleged nuisance is abatable, and of a continuing or recurring character, the damages are regarded as continuing; and one recovery against the wrongdoer is not a bar to successive actions for damages thereafter accruing from the same wrong. *Harvey v. Mason City & Ft. D. R. Co.,* 129 Iowa 465; *City of Ottumwa v. Nicholson,* 161 Iowa 473; *Soderburg v. Chicago, St. P., M. & O. R. Co.,* 167 Iowa 123; *Bennett v. City of Marion,* 119 Iowa 473. Thus it will be seen that, in the original petition, the plaintiff was asking for permanent original damages to the real estate; while in the amendment she is asking for damages upon the theory that the damage caused by the maintenance of the flashboards is the result of a continuing abatable nuisance. Upon the theory advanced in the original petition, the cause of action was barred by the Statute of Limitations; upon the theory advanced in the amendment, the plaintiff could recover the damages accruing for five years prior to the commencement of the action, and successive actions for damages hereafter occurring could be maintained.

Upon the theory advanced in the original petition, plaintiff could not succeed, as original damages accrue to the owner of the real estate at the time of the flooding of the land by reason of the construction. No assignment of the owner's claim was executed unto the plaintiff. Smith, or some one of his prior grantors, was the owner of the land at the time of the construc-

tion of the 16-inch raise by reason of the flashboards. Smith was under contract to convey the same to Lemrond at the time of the execution of the additional raise of 8 inches. Lemrond assigned nothing unto the plaintiff, except his equity in the farm. Smith's deed to the plaintiff conveyed nothing but the farm. The grantee in a deed cannot recover original or permanent damages which accrued to the owner of the land prior thereto. *Peden v. Chicago, R. I. & P. R. Co.*, 73 Iowa 328; *Irvine v. City of Oelwein*, 170 Iowa 653. The plaintiff knew, or should have known, that she could not recover for permanent or original damages, as claimed in her original petition.

Relative to amendments to pleadings, our statutory law, Section 11182 of the Code of 1927, provides:

"The court may, on motion of either party at any time, in furtherance of justice and on such terms as may be proper, permit such party to amend any pleadings * * * by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceedings to the facts proved."

The limitation in said statutory law, "when the amendment does not change substantially the claim," applies to cases where the amendments are offered to conform the pleadings to the facts proved. *Roberdee v. Bierkamp*, 160 Iowa 687. While the amendment states that the allegations therein are made to conform to the stipulation and the evidence thus far introduced, and asks for damages for five years prior to the bringing of the action, at the time of the amendment there was no proof of damages for said period. Therefore, it cannot be said that the entire amendment conforms to the proof. The sustaining of the objections relative to the conditions during the five-year period was undoubtedly what provoked the desire on the part of the plaintiff to file the amendment. The language of Section 11182 of the Code, hereinbefore referred to, is: "The court may * * * permit such party to amend." The word "may," as therein used, is not mandatory, but discretionary. This court has universally held that the matter of permitting amendments rests in the sound discretion of the court, and that the ruling of the court will not be disturbed on appeal, unless there has been an abuse of discretion. We have rarely reversed on the ground of

abuse of discretion. In *Emerson & Co. v. Converse,* 106 Iowa 330, this court declared:

"Coming, as this amendment did, after the trial had begun, we cannot say that it was any abuse of the court's discretion to disallow it. No good reason is given why this matter was not set up at an earlier date. While great liberality should be shown by the courts in the allowance of amendments that are in furtherance of justice, the right is not absolute, and attorneys should not be encouraged to wait until the last moment before presenting their cases. There was no error in sustaining the motion to strike."

In *Thoman v. Chicago & N. W. R. Co.,* 92 Iowa 196, we said:

"Appellant complains that, at the end of plaintiff's evidence, leave to file an amendment to its answer setting up a settlement and release was refused. There was no error in the refusal. The settlement and release alleged were made long prior to the trial, and, if desired to be pleaded, should not have been withheld until the trial."

In *Dobson v. Clemens & Co.,* 194 Iowa 1155, we declared:

"There was no claim that the sole defense as originally pleaded was through inadvertence. Under such circumstances, we have held that, where the proposed amendment sets up a new defense which was known to the defendant before trial, the court may properly reject it, if offered after the trial commences, or where no excuse was offered for not sooner pleading the defense."

In *Exchange State Bank v. Buckley,* 198 Iowa 437, we said:

"The allowance of amendment to pleadings rests in the sound discretion of the trial court."

In *National Horse Imp. Co. v. Novak,* 105 Iowa 157, this court made the following pronouncement:

"While the rule is to allow amendments, and to refuse them the exception, yet the trial court is necessarily vested with a large discretion in such matters, and this court will not interfere, in the absence of a showing of legal abuse of this

discretion. * * * No good reason appears for not filing it [the amendment] before that time. Indeed, it appears that defendant knew of the defense at all times, and that either he or his counsel were negligent, or that they had a 'masked battery' which they did not uncover until the last moment. In either event, the trial court was justified in not considering it.''

In *Allen v. North Des Moines M. E. Church,* 127 Iowa 96, we declared:

''The granting of leave to amend at that stage of the case, setting up a new and distinct issue, was addressed to the discretion of the court; and the refusal of the request is not an error requiring a reversal.''

In *Moyers v. Fogarty,* 140 Iowa 701, we made the following pronouncement:

''When nearing the close of the trial, plaintiff offered an amendment to his petition, alleging a conspiracy between Fogarty, Dunigan, and Hoey to defraud him by the sale of worthless trees; but, upon objection by the defendant, the court refused to permit the amendment. In view of the fact that the proposed amendment would effect a radical change in the issues, and was offered so late in the progress of the case, the court did not abuse its discretion in the ruling complained of.''

See, also, on this proposition, *Union Mill Co. v. Prenzler,* 100 Iowa 540; *Vorhes v. Buchwald,* 137 Iowa 721; *Dumont v. Peet,* 152 Iowa 524; *Bruhn v. Fort Dodge Street R. Co.,* 195 Iowa 454; *Bradbury v. Chicago, R. I. & P. R. Co.,* 149 Iowa 51; *Breen v. Iowa Cent. R. Co.,* 184 Iowa 1200.

The court is justified in striking an amendment which was filed without leave, if it is one which would not have been allowed, if leave had been asked. *Dunham v. Dunham,* 189 Iowa 802.

In view of the aforesaid statute and the foregoing authorities, we cannot hold that the court abused its discretion in striking the amendment.

Much has been said in the arguments of the respective parties concerning election of remedies, which we find it unnecessary to consider.

The appellant complains because of the direction of a ver-

dict by the court; but it is apparent from the record that appellant's contention at this point is without merit.

The plaintiff assigns as error the ruling of the court in sustaining objections to the proffered testimony of various witnesses, referring only to the lines and pages of the abstract.  This assignment is not in accordance with our rules, and presents nothing for review on appeal, and we give the same no consideration. *In re Estate of Mott*, 200 Iowa 948; *Central Trust Co. v. City of Des Moines*, 204 Iowa 678.

The appellant complains of the rejection by the court of certain exhibits offered in evidence. We find no error in the court's ruling in this respect. Even had the exhibits been admitted, the plaintiff would not have made a case for the jury.

We find no prejudicial error in the record, and the judgment of the trial court is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.