## Wilcox *vs.* Green.

In an action for the breach of a marriage promise, the plaintiff may show her acts of preparation for the marriage.

Where an act of a party is admissible in evidence, his declarations at the time, explanatory of that act, are also admissible as a part of the *res gestæ*.

Where A.'s promise to marry B. is shown, evidence that B. had received A.'s attentions and prepared for marriage by procuring the marriage dress and the wedding cake, and proof of B.'s statements to her sister at the time, explanatory of such acts of preparation, is competent to show her acceptance of such promise.

THIS was an action for the breach of a promise of marriage. It was tried at the Chenango circuit, in March, 1854, before Justice MASON. Among other things the plaintiff's acts of preparation for the marriage were admitted as evidence of her acceptance of the defendant's promise to marry the plaintiff, provided the defendant's promise was made out by other distinct facts and circumstances. And it was decided by the judge that the promise of the defendant must be shown by other distinct facts and circumstances; otherwise the plaintiff's acceptance of it, by her preparation for marriage, would not be admissible as evidence. After the acts of preparation for the marriage were proved, the plaintiff's counsel put this question to the witness: "While her sister (the plaintiff) was making these preparations, did the plaintiff state what they were for?" The defendant's counsel objected to the question as incompetent and irrelevant. The objection was overruled by the court, and the evidence admitted, not as evidence of mutuality, but as evidence of the plaintiff's acceptance of the defendant's promise to marry her, in case the defendant's promise should be made out by other distinct facts and circumstances; and it was ruled that statements made to her sister, explanatory of such acts of preparation, and at the time of such preparation, were admissible for the purpose only of showing the plaintiff's acceptance of the defendant's promise, provided such promise should be entirely made out by other distinct facts and circumstances. The defendant's counsel excepted. The justice, among other things, charged the jury

that it was for them to determine, from the evidence in the case, whether there had been mutual promises to marry, and if the jury should find from the evidence that the parties had mutually agreed to marry, they were next to determine whether there had been a breach of this promise; that the cause was defended on the ground of the general bad character, as well as on the ground of specific misconduct, of the plaintiff, and that he had seldom known a case so entirely defended as this, provided the jury believed the defendant's witnesses; that the jury were to determine what credibility should be given to the evidence of the witnesses, and that if the defendant knew of the general bad character, or the specific misconduct, of the plaintiff, before making the promise to marry, they constituted no defense; and that the question of damages was peculiarly within the power of the jury; but that if the plaintiff was of bad character at the time of the promise of marriage, and that was unknown to the defendant, the verdict ought to be in his favor, and that if the plaintiff, after the promise, had prostituted her person to any other person but the defendant, she clearly discharged the defendant.

There was a verdict for the plaintiff, and the defendant appealed.

*A. McDowell,* for the appellant.

*Henry R. Mygatt,* for the respondent. 1st. The plaintiff's acts of preparation for marriage were admissible as evidence of her acceptance of the defendant's promise to marry her. *Parsons* states the rule to be: " It has therefore been wisely decided that the contract may be inferred from the conduct of the parties and from the circumstances which usually attend an engagement to marry; as visiting, the understanding of friends and relations, *preparations for marriage,* and the reception of the party by the family as a suitor." (1 *Parsons on Cont.* 545.) 2d. The statements of the plaintiff, made to her sister, explanatory of her preparations of marriage, at the time of said preparation, were admissible for the purpose of showing the

Wilcox *v.* Green.

plaintiff's acceptance of the defendant's promise. (*Wetmore* v. *Mell*, 1 *McCook's Ohio R.* 26. 1 *Greenl. Ev.* § 108, *and authorities there cited. Sessions* v. *Little*, 9 *New Hamp. R.* 271. *Hutton* v. *Mansell*, 6 *Mod.* 172. *Peppinger* v. *Low*, 1 *Halst.* 384.)

· *By the Court*, CRIPPEN, J. This action was tried at the Chenango circuit, and a verdict of three hundred dollars rendered for the plaintiff, for an alleged breach of a marriage contract by the defendant. No exceptions were taken to the charge of the judge to the jury. The errors complained of, and to which exceptions were taken, are alleged to have occurred in the admission of testimony on the trial of the action. The court allowed the plaintiff to prove acts of preparation for the marriage, under objection on the part of the defendant. The proof was admitted to establish an acceptance on the part of the plaintiff of the promise made by the defendant to marry her, provided such promise was made out by other distinct facts and circumstances, and if not so made out, the proof was not admissible. After giving evidence of preparation for the wedding, on the part of the plaintiff, proof was offered of the declarations of the plaintiff, made at the time of making such preparations, in order to show what they were made for. The defendant's counsel objected to such declarations; the court allowed the proof for the same purpose above stated, and under the same restriction.

In the manner in which the proof was offered and admitted, I am inclined to consider it competent. It may have had an influence upon the judgment of the jury in establishing a promise on the part of the defendant. The proof was not offered for that purpose; neither was it allowed to be given to establish a promise of marriage. Other evidence was given during the trial in order to establish a promise by the defendant, and sufficient, perhaps, to authorize the jury to find that such promise had been made by him. I have no doubt it was competent for the plaintiff, in the course of the trial, to give evidence of preparations on her part for the wedding; such as procuring wine,

making wedding cake, preparing dresses, gloves and shoes for such purpose. I apprehend there can be no doubt this class of evidence was competent and proper to be given, in order to satisfy the jury that the plaintiff on her part accepted the promise made by the defendant. It appeared from the testimony of the plaintiff's sister that such preparations were made on the part of the plaintiff, some time in the latter part of March or fore part of April, 1851.

The next point in the case is, "was it proper to allow evidence of the declarations of the plaintiff, made by her, and which accompanied the acts of preparation on her part for the wedding?" Where it is necessary or proper in the course of a cause to inquire into the nature of a particular act, or the intentions of the person who did the act, proof of what the person said at the time of doing it, is admissible in evidence for the purpose of showing its true character. (1 *Phillips' Ev.* 231.) The declarations, to be evidence, must be made at the time of the act done, which they are intended to characterize, and such as are calculated to unfold the nature and the quality of the facts they are designed to explain. (*Cowen & Hill's Notes, pt.* 1, *note* 414.) The above is a fundamental rule of evidence of high importance to establish the *res gestæ*, a part of the transaction itself, and without which the truth may not appear. The evidence allowed to show the plaintiff's declarations accompanying her acts at the time of making preparations for the wedding, seem to be clearly within the scope and object of the above rule, and were admissible as a part of the *res gestæ*. The case of *Wetmore* v. *Mell*, (1 *Ohio R.* 26,) is a direct authority for the plaintiff upon both of the above points. In that case, it is true, no objection was made to showing the acts of preparation made by the plaintiff for the wedding, but the court, in considering the objections to the proof given of the declarations of the party, accompanying the acts, expressly decide that not only the acts, but the declarations also, were competent and legal evidence of the acceptance of the defendant's promise to marry her.

The general bad character of the plaintiff was relied upon

as a defense to the action, also specific acts of lewdness were proved by some of the witnesses.   The judge stated to the jury that he had seldom known a case so entirely defended, provided the jury believed the testimony of the defendant's witnesses.   The jury were called upon to pass upon the credibility of the defendant's witnesses, and to weigh their testimony in deciding the case.   No one can doubt that the case was presented to the jury by the charge of the judge in a manner entirely unexceptionable to the defendant.   If the jury disbelieved the testimony given on the part of the defendant, of the plaintiff's bad  character, and were satisfied that the promise of marriage had been made and broken by the defendant, the damages, in that view of the case, are not excessive.   The amount of the damages in such cases rests entirely in the sound discretion of the jury, under the circumstances and evidence before them.

Although in my judgment, based upon the testimony of the witnesses, the plaintiff was unworthy of a husband, and well deserved to be turned out of court without any verdict in her favor, yet I must yield my own views and opinion to the finding of the jury.   I am compelled therefore to the conclusion that the judgment must be affirmed with costs.

[Madison General Term, September 12, 1854.  *Gray, Crippen, Mason* and *Shankland,* Justices.   On appeal to the court of appeals, judgment affirmed, at the March term, 1856.]