Charles S. Hine, Respondent, *v.* The New York Elevated Railroad Company and The Manhattan Railway Company, Appellants.

1. Elevated Railroad — Stipulation to Stay Injunction. A stipulation as a condition of a stay of injunction against injury to rights or easements in real property by an elevated railroad, whereby the defendant agrees to waive every objection that can possibly be made, founded upon a contract or deed made by the plaintiff to a third person, may be enforced by excluding evidence of such deed to defeat the plaintiff's title and right to relief.

2. Power to Stipulate — Shaping Facts of Case. It is in the power of the parties, by their stipulations, made deliberately and in good faith, to shape the facts upon which a cause shall be determined.

3. Reversal — Effect on Stipulation. The reversal of a judgment for an injunction does not affect the force of a stipulation made to procure a stay of the injunction, but the stipulation may regulate and control the proofs and proceedings on a new trial of the action.

4. Evidence — Judgment on Former Trial. Evidence of the judgment record on the former trial may be received on a new trial after reversal, where it is the foundation upon which a stipulation of the parties rests, and tends to explain its purpose, scope and legal effect.

5. Evidence — Statement of Reason for Reduction of Rent. A tenant's statement as a reason for refusing to retain the premises at the same rent, that the light is affected by an elevated railroad in the street, is admissible in evidence in favor of the landlord against the railroad company for damages by depreciation of the rental value of the premises.

6. Evidence — Injury to Neighboring Property. On the question of injury to easements of light appurtenant to premises abutting on a street by an elevated railroad therein, evidence of the effect of the railroad upon the light to premises across the street is admissible.

*Hine* v. *N. Y. El. R. R. Co.*, 8 Misc. Rep. 18, affirmed.

(Argued March 12, 1896; decided April 7, 1896.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 2, 1894, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term.

This action was brought to restrain the operation and maintenance by defendants of their elevated railroad in front of plaintiff's premises and for the recovery of damages caused thereby.

The facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellants.   The court erred in awarding an injunction, in view of the fact that before the commencement of the action the plaintiff divested himself of all substantial interest in the premises in suit and became incapacitated from sustaining any consequential injury. (*Reynolds* v. *Everett*, 144 N. Y. 189; *Gray* v. *M. R. Co.*, 128 N. Y. 499; *Thomas* v. *M. M. P. Union*, 121 N. Y. 52; *McHenry* v. *Jewett*, 90 N. Y. 62; *Haffey* v. *Lynch*, 143 N. Y. 241; *Pegram* v. *N. Y. E. R. R. Co.*, 147 N. Y. 135; *Heilman* v. *Lazarus*, 90 N. Y. 672; *F. L. & T. Co.* v. *Siefke*, 144 N. Y. 354; *Domschke* v. *M. E. R. Co.*, 148 N. Y. 337; *Milbank* v. *Jones*, 141 N. Y. 345.) The learned trial judge erred in granting an injunction, it appearing that plaintiff conveyed the property before the trial. (*In re M. E. R. Co.*, 136 N. Y. 500; *Oppenheimer* v. *M. E. R. Co.*, 129 N. Y. 674; *Wood* v. *Squires*, 60 N. Y. 191; *Hine* v. *N. Y. E. R. R. Co.*, 52 N. Y. S. R. 511; *Pegram* v. *N. Y. E. R. R. Co.*, 147 N. Y. 135; *People* v. *Sheldon*, 139 N. Y. 251; *Judd* v. *Harrington*, 139 N. Y. 105; *S. R. T. Co.* v. *Mayor, etc.*, 128 N. Y. 510; *Thomas* v. *R. Co.*, 101 U. S. 71; *Oregon R. & N. Co.* v. *O. R. Co.*, 130 U. S. 1.) If the stipulation, dated June 6, 1890, be valid and binding on the court in the rendition of judgment, and if a foundation was laid for its enforcement in the proof, and if it was not waived by the conduct of the plaintiff, then the second promise therein contained should be construed as an entirety, and should not receive par-

tial enforcement. (*Pegram* v. *N. Y. E. R. R. Co.*, 147 N. Y. 135; *In re M. E. R. Co.*, 136 N. Y. 500.) The award of $12,500 fee damage is directly contrary to the evidence. (*Pappenheim* v. *M. E. R. Co.*, 128 N. Y. 436; *Cunard* v. *M. R. Co.*, 1 Misc. Rep. 151; *Jamieson* v. *K. Co. E. R. Co.*, 147 N. Y. 322; *Hine* v. *M. R. Co.*, 132 N. Y. 477; *Lazarus* v. *M. E. R. Co.*, 69 Hun, 190.)

*C. N. Bovee, Jr.*, for respondent. The plaintiff established his *prima facie* case showing that he had title and was entitled to an injunction. (*F. L. & T. Co.* v. *Siefke*, 144 N. Y. 354; *Heinemann* v. *Heard*, 62 N. Y. 455.) All evidence tending to show that plaintiff transferred title, either before or after the beginning of this action, was properly excluded under the stipulation of June 6, 1890. This stipulation was made for the purpose of precluding the offer of any such evidence. The stipulation was valid and binding. It was in force at the time of this trial. (*McGean* v. *M. E. R. Co.*, 133 N. Y. 9; *Domschke* v. *M. E. R. Co.*, 148 N. Y. 337–345; *In re N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *Bleakley* v. *Sullivan*, 140 N. Y. 181; *Sentenis* v. *Ladew*, 140 N. Y. 466; *Mayor, etc.*, v. *M. R. Co.*, 143 N. Y. 26; *Methodist Churches* v. *Barker*, 18 N. Y. 465; *N. Y., W. S. & B. Ry. Co.* v. *Omerod*, 29 Hun, 274; *Palmer* v. *Foley*, 71 N. Y. 106; *Barry* v. *M. L. Ins. Co.*, 53 N. Y. 536.) By proving the contracts of 1881 and 1886, the defendants did not and could not avoid the stipulations. It was insufficient for this purpose, not offered for the purpose, and inadmissible for the purpose under the pleadings. (*Styles* v. *Fuller*, 101 N. Y. 622; *McGean* v. *M. E. R. Co.*, 133 N. Y. 9; *F. L. & T. Co.* v. *Siefke*, 144 N. Y. 354.) There being no method for the defendants to prove transfer of title, except by avoiding the stipulations, the admission of the agreements of 1881 and 1886 for other purposes afforded no evidence of transfer. (*Wines* v. *Mayor, etc.*, 70 N. Y. 613; *Stilwell* v. *Carpenter*, 62 N. Y. 639; *Jarvis* v. *Sewall*, 40 Barb. 449–455; *In re Cooper*, 93 N. Y. 507; *Porter* v. *Waring*, 69 N. Y. 250–

255; *Day* v. *Town of New Lots*, 107 N. Y. 148; *Dunham* v. *Townshend*, 118 N. Y. 281; *Munoz* v. *Wilson*, 111 N. Y. 298, 299; *I. Nat. Bank* v. *Adam*, 28 Hun, 108, 109; *McSwyny* v. *B. & S. A. R. R. Co.*, 27 N. Y. S. R. 363.) Apart from the stipulations, the contracts and conveyance by Hine to Stemme did not deprive plaintiff of the right to the relief granted. (*Korn* v. *M. E. R. Co.*, 59 Hun, 505; 129 N. Y. 648; *Cheney* v. *Woodruff*, 45 N. Y. 98; *McGean* v. *M. E. R. Co.*, 133 N. Y. 9; *Domschke* v. *M. E. R. Co.*, 148 N. Y. 337.) There is no equity in any of the defendants' contentions. (Code Civ. Pro. § 756; *Cuff* v. *Dorland*, 7 Abb. [N. C.] 194; *Boyce* v. *Brockway*, 31 N. Y. 490; *Wood* v. *Kroll*, 43 Hun, 328; *Ford* v. *David*, 1 Bosw. 569; *Arnold* v. *Keyes*, 5 J. & S. 135; *Lawson* v. *Town of Woodstock*, 37 Hun, 352; *Senft* v. *M. R. Co.*, 29 N. Y. S. R. 519; *McGean* v. *M. E. R. Co.*, 133 N. Y. 9; *Domschke* v. *M. E. R. Co.*, 148 N. Y. 337.) None of the appellants' exceptions to the evidence warrant a reversal. (*Wilcox* v. *Green*, 23 Barb. 639; *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 278; Greenl. on Ev. (13th ed.) 132; *Doyle* v. *M. R. Co.*, 128 N. Y. 496.)

O'BRIEN, J.    The judgment in this case awards to the plaintiff an injunction in the usual form, unless the defendants within the time specified, pay to the plaintiff the rental and fee damages found by the court, and take in lieu thereof, a conveyance from the plaintiff of the easements in use by the defendants and appurtenant to the property.

The principal point urged in support of this appeal is that the plaintiff's title, at the time of the commencement of the action and at the trial was not in such a condition as to entitle him to the injunction and the other relief awarded. That, in fact, he had divested himself of all substantial interest in the premises and had become incapacitated from sustaining any consequential injury.

This proposition is based upon a series of facts which appear in the record. The action was commenced on December 10,

1888. The plaintiff had then the legal title to the property which he acquired in the year 1853, subject to an outstanding contract of sale. This contract was entered into on the 13th of February, 1886, between the plaintiff and one Stemme, whereby the former agreed to convey the premises to the latter at an agreed price. Subsequent to the commencement of the action, and on the 14th of May, 1890, in pursuance of this contract the property was conveyed to Stemme. The complaint in its allegations ignored the existence of the contract entirely. The action was brought to trial in October, 1889, before the deed was given and nothing seems to have been disclosed in regard to the contract. The plaintiff was successful in the action, obtaining the usual relief with damages as in the case now before us. The judgment was subsequently reversed in the second division of this court and a new trial granted. (132 N. Y. 477.) Pending the appeal the defendants applied to the court for an order staying the issue of the injunction awarded by the judgment. It seems that the motion was opposed by the plaintiff, and one of the grounds upon which his opposition was based was that he desired to convey the premises to Stemme. The court, as a condition of granting the stay, required the defendants to enter into a written stipulation in the action which was evidently intended to preclude them from raising any question in the future as to the plaintiff's right to maintain the action so far as such right was affected by the contract of sale or its actual performance. The defendants were evidently aware of the scope and effect of the stipulation, and the use to which it was about to be applied, as is indicated by a clause which they caused to be inserted in it, to the effect, that it was given under compulsion of the court, and as a means of obtaining the right to review the judgment.

The material part of the stipulation which is signed by the defendants' attorneys of record, is as follows :

" Now, therefore, the defendants above named hereby jointly and severally

" Stipulate that they will not, nor will either of them, take

or prosecute any condemnation proceedings in relation to the property described in the complaint herein during the pendency of the said appeal; and the defendants also further

"Stipulate that in case the plaintiff shall deliver to the clerk of this court the conveyance of the easements of light, air and access to said premises herein tendered to defendants, duly executed and acknowledged in escrow, then the defendants shall not, nor shall either of them, file or serve any supplemental answer or apply for leave to file or serve any supplemental answer, or any answer embracing any supplemental matter, or prove, or offer to prove, upon any future trial in this action, or upon any proceeding to enforce judgment thereon, any transfer of interest of the plaintiff herein to the premises described in the complaint herein; and the defendants also stipulate and agree that in case the plaintiff shall convey the said premises or any part thereof, such purchaser may be joined with or substituted for the plaintiff herein with the like force and effect as if he had originally been the plaintiff herein."

The plantiff and Stemme, his grantee, then executed and delivered to the clerk in escrow, a proper deed in compliance with the stipulation conveying the easements as therein specified.

The defendants appealed to the General Term from that part of the order which required the defendants to give the stipulation as a condition of the stay, but the order was affirmed.

On the second trial, resulting in the judgment now under review, the plaintiff produced the conveyance to him of the property in 1853, and the court found that he became seized in fee of the premises under that deed.

The defendants gave in evidence the contract and deed to Stemme referred to, but they were admitted by the court for the sole purpose of adjusting the equities of the parties on questions of damages, and the court limited the damages to the date of the deed.

The judgment provides that upon payment of the several

amounts awarded as damages to the plaintiff, that the defendants shall not only be entitled to the deed deposited in escrow with the clerk, but also to another from Stemme, the plaintiff's grantee.

The learned counsel for the defendants has argued the question suggested by these facts at length. Without following the line of argument, we think it sufficient to say that we are unable to find any real merit in the point. We think that there is no substantial question growing out of these facts for review.

There can be no question as to the power of the court to require the stipulation as a condition of the stay. The defendants complied with the order and gave it. Nor can there be any real question as to the meaning, scope and effect of the stipulation. It was an agreement to waive every objection that could possibly be made, founded upon the contract or the deed, and the courts below have only held the defendants to their agreement. In effect the stipulation provided that for all the purposes of the action the plaintiff's title should be treated in the same way as if these papers had never been executed. It preserved to the plaintiff all the rights which an owner in fee can assert in a court of equity in actions of this character, and at the same time protected the defendants against any possible danger from any change in the title. It may be true, as an abstract proposition, that at the time of the trial the plaintiff was not the owner of the premises, though there is no finding or legal proof of the fact. But it was of no practical consequence since the defendants, by a binding stipulation, had precluded themselves from ever raising the question and from pleading or proving the fact. The defendants virtually consented that all questions touching the injury to the premises described in the complaint should be determined upon the assumption that the plaintiff was at all times the real owner, and, under these circumstances, the court was justified in excluding the deed as proof of a change in the title, and in refusing to find that such change had taken place. It is in the power of the parties to shape the facts upon which the

cause shall be determined by their stipulations, when made deliberately and in good faith, and then the court will be justified in framing its judgment accordingly. The deed under which the plaintiff entered was *prima facie* proof of title in him, and the defendants, by their stipulation, were precluded from showing the contrary. (*Farmers' L. & T. Co.* v. *Siefke,* 144 N. Y. 354.)

The force of the stipulation was not affected by the reversal of the judgment. It was manifestly intended that in case of a new trial it should regulate and control the proofs and proceedings in the action. It contravened no rule of morals or public policy, and is as binding upon this court as the courts below. (*Bleakley* v. *Sullivan,* 140 N. Y. 181; *Sentenis* v. *Ladew,* Id. 466; *In re N. Y., L. & W. R. R.,* 98 N. Y. 452.)

The amount of the damages was of course a question of fact and after an examination of the record we think it would be impossible for us to hold that any of the findings of the trial court on this question are without evidence.

The judgment record on the former trial was offered by the plaintiff and received in evidence under the defendants' objection and exception.

We think it was admissible since it was the foundation upon which the stipulation rested and tended to explain its purpose, scope and legal effect. The record, when fairly interpreted, shows that it was not offered or received for any other purpose.

It appears that a witness for the plaintiff who had occupied part of the premises as a tenant under a lease prior to the construction of the railway and whose rent was largely reduced subsequent to the construction was permitted to testify, under the defendants' objection and exception, in substance, that he refused to remain in the premises at the same rent on account of the effect of the railway upon the light in the rooms.

The point of the exception is that the witness was permitted

to testify to what he said to the plaintiff at the time the rent was reduced as a reason for the reduction.

The fact that the plaintiff was obliged to reduce rents after the construction of the railway in order to retain his tenants was competent. The refusal of the tenant to remain unless the reduction was made and his reasons for such refusal, all communicated to the landlord when the actual reduction was made, characterized the act and was really a part of it. The ruling of the court was within the general principle, that when an act or transaction is itself admissible, statements or declarations of the party at the time, calculated to explain and elucidate the character and quality of the act and so connected with it as to constitute one transaction, and so as to derive credit from the act itself, are admissible as part of the *res gestæ*. ( *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 278; *Wilcox* v. *Green*, 23 Barb. 639; Greenleaf on Ev. §§ 108, 109.)

The plaintiff proved by a witness who occupied a building on the side of the street opposite the premises in question the effect which the railway produced upon the light in his premises, and this proof was given under the defendants' objection and exception. There was no error in the ruling. (*Doyle* v. *M. R. Co.*, 128 N. Y. 488.) It does not come within the principle which excludes proof by particular owners, of the specific rents received by them before and after the construction of the railway for their property, upon the ground that such a range of inquiry imports collateral issues into the case. (*Jamieson* v. *K. C. El. R. Co.*, 147 N. Y. 322.)

There were one or two other exceptions in the case, but we do not think that they present any legal question of sufficient importance to warrant us in interfering with the judgment, and so, we think it must be affirmed, with costs.

All concur.

Judgment affirmed.