DAVID B. KAIGHN, TRUSTEE FOR FIVE MILE BEACH LUM-
BER COMPANY, BANKRUPT, PLAINTIFF IN ERROR, v.
MARY E. FRIDAY ET AL., DEFENDANTS IN ERROR.

DAVID B. KAIGHN, TRUSTEE FOR FIVE MILE BEACH LUM-
BER COMPANY, BANKRUPT, PLAINTIFF IN ERROR, v.
MARION FOX ET AL., DEFENDANTS IN ERROR.

DAVID B. KAIGHN, TRUSTEE FOR FIVE MILE BEACH LUM-
BER COMPANY, BANKRUPT, PLAINTIFF IN ERROR, v.
ANNIE E. ERRICKSON ET AL., DEFENDANTS IN ERROR.

Argued March 4, 1909—Decided June 14, 1909.

1. In a suit upon a mechanics' lien claim the effect of a stipulation
   of counsel made in writing before trial for the purpose of the
   trial that "the defence is solely that of payment" is to exclude all
   other defences.
2. In a suit upon a mechanics' lien claim the sole defence was pay-
   ment. The contractor was also the vice president of the company
   which furnished him materials which he put in the building. It
   conclusively appeared that the owner, in paying the contractor
   the money due upon the contract, was merely discharging the
   obligation which the owner owed to his creditor, the contractor,
   and was not assuming by the implied consent of the contractor to
   discharge the latter's obligation to the plaintiff company. *Held*,
   that it was erroneous to submit to the jury the question whether
   the payment was made to the contractor as the agent of the
   plaintiff company.

On error to the Cape May Circuit Court.

For the plaintiff in error, *Bleakly & Stockwell*.

For the defendants in error, *Matthew Jefferson* and *John
W. Wescott*.

The opinion of the court was delivered by

TRENCHARD, J. These three writs of error bring up for
review judgments in favor of the defendants below entered in
each case upon the verdict of a jury in the Cape May Circuit
Court.

The cases were tried and argued together.

The plaintiff below, David B. Kaighn, is trustee for the Five Mile Beach Lumber Company, a bankrupt. This company furnished one Garrison, a contractor, materials which were used by him in erecting buildings for each of the three defendants. At the time Garrison was the vice president of the Five Mile Beach company.

By a stipulation of counsel made in writing before trial for the purposes of the trial, the defendants "admitted all the facts necessary to establish a mechanics' lien in favor of the plaintiff against each defendant and the properties described in the liens on file, and that the defence is solely that of payment." The effect of that stipulation was to limit the defence to that of payment. *Hine* v. *New York Elevated Railroad Co.*, 149 *N. Y.* 154.

The evidence taken at the trial shows conclusively that each defendant paid to Garrison the full amount of money called for by their respective contracts with him, and therefore, in view of the stipulation, the only questions remaining were, *first,* whether these payments were made to him as contractor—as the party to whom the defendants were primarily responsible—or whether they were made to him as the agent of the Five Mile Beach Lumber Company in payment of the moneys which he, not the defendants, owed to that company, and *secondly,* if the payments were made to Garrison as contractor, had he paid his debt to the company.

The learned trial judge submitted the first question to the jury but not the latter.

The plaintiff contended that it conclusively appeared from the evidence that the payments were to Garrison as contractor, not as agent for the company, and assigned error upon exceptions taken to the refusal of the trial judge to charge appropriate requests to that effect, and also to what was charged.

We think the refusal of the court to so charge was erroneous. It appeared to be undisputed that each of the defendants had from time to time made partial payments to Garrison on account of their respective contracts made with him, and that finally each, at their respective residences, made settlement

of the balances due from each. Garrison testified in effect that each defendant made final payment in discharge of the debt due him as contractor. It further appeared that at the time of settlement neither of the defendants, Fox and Errickson, knew of the Five Mile Beach Lumber Company, nor that it had supplied materials for the buildings. With respect to the defendant Mrs. Friday, it is true that it appeared from the testimony of her husband that he knew of the relation of Garrison to the company, but it is equally true that it conclusively appeared that the final payment made was the amount shown to be due on her contract with Garrison, and that the nature and extent of the company's claim against Garrison was not known to him, nor was it discussed, referred to, or otherwise taken into account. In brief, the evidence showed that in making these payments the defendants were paying their creditor. They were discharging the obligations which they owed Garrison, and were not assuming, by his implied consent, to discharge the obligation which Garrison owed to the Five Mile Beach Lumber Company. It was therefore erroneous to submit to the jury the question whether the payments were made to Garrison as the agent of the Five Mile Beach Lumber Company.

The only possible remaining question was whether Garrison had paid his debt to the company. Since there must be a new trial it is unnecessary here to determine whether there was evidence other than that of the alleged releases (which were not offered as evidence of payment and did not tend to prove it) which required the submission of that question to the jury.

For the reasons stated the judgment of the court below in each of these cases is reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill. J.J. 14.