JOHN A. SODERBURG, Appellee, v. CHICAGO, ST. PAUL, MINNE-APOLIS & OMAHA RAILWAY COMPANY, Appellant.

Nuisance: EVIDENCE. In an action for damages caused by an alleged nuisance, the result of smoke, soot and gas, the effect of which is not limited to plaintiff and his property, the evidence of other parties in the same locality and similarly affected is competent to establish the nuisance.

Same: CONTINUING NUISANCE: LIMITATION OF ACTIONS. A nuisance resulting from escaping smoke, soot and gas, not attributable to the original construction of the plant, but to the kind of fuel used and a lack of proper precaution in using and conducting the plant as originally constructed and remodeled, is a continuing and not a permanent nuisance; and the statute does not commence to run against an action therefor from the date of the construction of the building, but may be brought at any time for the damages accruing within the statutory period.

Same: ACTIONABLE NUISANCE. A property owner cannot demand that the atmosphere about his premises be kept absolutely free from smoke, soot and gas, but to recover on the ground that they constitute a nuisance he must show that the conditions are such as to cause actual physical discomfort to persons of ordinary sensibilities.

Same: DAMAGES: EVIDENCE. In this action for alleged nuisance caused by the smoke, soot and gas from defendant's roundhouse, the evidence is held insufficient to require submission of the question of depreciation in the rental value of plaintiff's property on account of the same.

Same. In an action for nuisance caused by smoke, soot and gas emitted in the vicinity of plaintiff's residence, evidence of damage should not be limited solely to the inconvenience and discomfort of plaintiff, but the effect upon the other members of the family is proper to be shown.

**Same:** NEGLIGENCE OF EMPLOYEES. Where defendant's roundhouse, located in the vicinity of plaintiff's residence, constituted a nuisance arising from the emission of smoke, soot and gases from its house and engines, liability of defendant could not be avoided on the ground that defendant's employees were negligent in firing the engines.

**New trial:** INSTRUCTIONS: LAW OF THE CASE. Where the instructions required plaintiff to prove facts not essential to his cause of action, and there was no proof of such facts, the verdict in his favor should not be allowed to stand; as the jury should have followed the instructions, though erroneous, as they constituted the law of the case.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

TUESDAY, OCTOBER 20, 1914.

ACTION for damages caused by a nuisance. From a verdict and judgment for plaintiff, the defendant appeals. —*Reversed.*

*E. J. Stason,* for appellant.

*Sargent, Strong & Struble,* for appellee.

WITHROW, J.—I. Plaintiff's cause of action is based upon an alleged nuisance maintained by the defendant, caused by smoke, soot, and gas coming from the defendant's premises to the residence of the plaintiff, which is near by, to his injury. The plaintiff states that the defendant has erected and used and is continuing to use power houses, repair shops, roundhouses, boiler shops, coal chutes and ash pits at the base of a bluff about three hundred feet to the south and east of plaintiff's residence; that when first erected but few of defendant's locomotives were coaled, fired, and cared for on said premises, and no great annoyance or damage was caused to him; but commencing with 1906 and continuing to the present the defendant has coaled, fired, and daily cared for on said premises from twenty-five to forty locomotives, using

large quantities of a low grade of soft coal, and from such fact, and the fact that proper smokestacks, chimneys, and smoke consumers have not been installed, and from the fact that the employees of the defendant are negligent in firing, the defendant has for a period of five years prior to the commencement of the action maintained a continuing nuisance on the premises, injuring and destroying plaintiff's trees and shrubbery, covering his premises with soot, and polluting the air to such an extent as to greatly depreciate the value of plaintiff's property, and so as to injuriously affect the health and comfort of the members of his family. Plaintiff also pleads an adjudication that the defendant was maintaining a nuisance, in another action in which he with others was a party and that an injunction was issued enjoining the use of certain kinds of fuel for certain purposes.

The answer pleads the former adjudication, and that, in that case, plaintiff might have tried and had determined every issue presented here, including his claim for damages, and by reason of such says that plaintiff is now estopped from maintaining this action. It also pleads an estoppel based upon the claim that plaintiff, knowing of the large expenditures being made by the defendant company in establishing and improving the property made no complaint nor objection thereto. It also pleads the statute of limitations, and particularly for all causes of action arising prior to five years from January 20, 1913, which was after the commencement of this action, October 26, 1911, and before the filing of a supplemental petition for damages since accrued which was done on January 22, 1913.

The trial to a jury resulted in a verdict and judgment for the plaintiff, and the defendant appeals.

II. Over the objections of the defendant evidence was admitted as to the effect which the smoke, gas, and soot had upon other persons and premises than that for which damage

1. NUISANCE: evidence.

is claimed in this action. There is an apparent conflict in the authorities as to whether evidence of this character is admissible in nuisance cases. In

*Harley v. Merrill Brick Co.,* 83 Iowa, 73, this court held that there was no error in refusing to permit witnesses who resided near the alleged nuisance to testify as to the effect which the smoke, soot, and gas had upon themselves, their families, and upon their premises; that it was not competent to establish the existence of the alleged nuisance, by showing how it affected people or property not in controversy. The case is not fairly distinguishable in principle from the present one, and if that rule is to prevail the admitted testimony was not competent. That there are cases in which the rule above given must necessarily apply is clear; but we are of opinion that when the question at issue is the existence of a nuisance of a character which from its very nature is not limited in its effect to a single property, when there are others similarly situated within the range of and subject to the contaminated air, if there be such, proof of such conditions and effects, while in a sense collateral, nevertheless reaches to that which is the object of complaint and tends to establish its character. Wigmore on Evidence, vol. 1, section 451, states the proposition as follows as applied to nuisances:

> Instances of its apparent operation under substantially similar circumstances will serve to evidence it, subject to the foregoing limitations of principle. In this way may be evidenced the existence (or not) of sundry nuisances, by the presence (or absence) of certain effects under similar circumstances; . . . of the nuisance nature of a railroad, by its injurious effects upon similar adjacent property, in respect to smoke, noise, vibration, and the like; . . . of the tendency of gases, by their injurious effects on other trees, houses, or water supplies. *Doyle v. Railroad Co.,* 128 N. Y. 488, 495 (28 N. E. 495); *Hine v. Railroad Co.,* 149 N. Y. 154, 162 (43 N. E. 414); *Fay v. Whitman,* 100 Mass. 76; *Wylie v. Elwood,* 134 Ill. 281 (25 N. E. 570, 9 L. R. A. 726, 23 Am. St. Rep. 673).

This rule is recognized by many courts as the correct one, and we approve it as being consonant with sound reason. Proof of the character in question goes to the cause by showing its general effect. Individual experiences under like con-

ditions may or may not be corroborative of the claim of the injured party; and we hold that, when similar conditions are shown, evidence to the effect of the alleged nuisance may be given, not as establishing other causes of action, but the character of that which is the subject of complaint.

Counsel for appellant, in recognition of the reason back of the offer of such evidence, states in argument:

If it were shown that these other premises were in the same situation, affected in a like way as is the plaintiff's property, then it might be urged possibly with some reason that the testimony was proper to be considered for these purposes; but where there is no testimony showing a similar condition existing, then the proper foundation for such testimony has not been laid.

The preliminary proof was such as to fairly bring the evidence within the rule, and we think it was properly admitted.

III. The trial court gave no instruction upon the plea of the statute of limitations, and the failure to so do is assigned as error. No instruction upon that subject was requested by the defendant; and while the failure to make such a request is not a waiver of the right to have the case fully presented to the jury by the instructions as to all ultimate questions necessarily inherent in it, we are of opinion that in this instance the error charged cannot be upheld. The nuisance charged was a continuing one, resulting, not from the original construction, but from the fuel and methods adopted and the want of proper precautions in using and conducting the plant as originally constructed and as later remodeled. Under such conditions the nuisance charged is not a permanent one, and the rule insisted upon by the appellant cannot apply. This question had full discussion in *Ottumwa v. Nicholson,* decided by this court, and reported in 161 Iowa, 473, in which it was held that, if the injury does not accompany the erection of the structure, the cause of action only accrues when the injury occurs, and

2. SAME: continuing nuisance: limitation of actions.

the damage is not original. The citation of authorities in that case is so full that we need not reproduce them, nor go farther for support in the conclusion we now reach. The proof in this case developed facts which tended to prove a continuing nuisance, and as the plaintiff limited his claim for damages to a period for five years immediately preceding the commencement of his action, and as the trial court expressly limited the jury in its findings to a period commencing with October 26, 1906, the action having been commenced on the same date in 1911, further instruction upon that question was unnecessary, as the law was correctly given. See *Bennett v. Marion*, 119 Iowa, 473; *Vogt v. Grinnell*, 123 Iowa, 332.

IV. Instruction No. 3, requested by the defendant and refused, was to the effect that, while it is the right of every person to have the air about his premises in its natural state, yet it is not required that it be kept absolutely pure, but only as pure as could reasonably be expected from the location and business about it; that the mere fact that smoke and soot and gas were disagreeable and annoying is not enough; that they must be of such a character as to be of actual physical discomfort to persons of ordinary sensibilities. The authorities are to the effect that mere annoyance resulting from an alleged nuisance is not enough, but the injury must be tangible and productive of at least physical discomfort to persons of ordinary sensibilities. *McGill v. Pintsch Compressing Co.*, 140 Iowa, 429. This requirement was fully stated in instruction No. 6 given by the trial court, and the refusal of the offered instruction was not error.

3. Same: actionable nuisance.

V. Instruction No. 5, requested by the defendant and refused, stated that plaintiff's claim for damages was based on the depreciated rental value of his property, and for the inconvenience and discomfort suffered by himself and family in their enjoyment of the property; "that there is no evidence in the case showing any depreciation of the rental value, . . . and he is not entitled to recover anything on said claim." In

4. Same: damages: evidence.

instruction No. 7, given by the trial court, the question of depreciation in rental value of the property was permitted to be considered by the jury in assessing damages.

There was no proof of depreciation of the rental value proper to go to the jury. As far as the testimony went, it was to prove that the fair rental value of the house before the premises were affected by the smoke and gas was $30 or $35 per month; that since the conditions have arisen which are charged as being a nuisance the place is not a desirable one in which to live. This falls short of the proof necessary to take to the jury a question upon which to compute damages upon the basis of relative values, and in submitting it to the jury as an element upon which it might rest its finding the court assumed the existence of proof which had not been presented. In this there was error. *Arnd v. Aylesworth,* 136 Iowa, 297; *Fehd v. Oskaloosa,* 139 Iowa, 621.

VI. The offered instruction No. 5 also stated that plaintiff was not entitled to recover for any inconvenience and discomfort suffered by any member of his family except himself.

5. SAME.

This also was refused, the trial court instructing the jury that the inconvenience and discomfort suffered by plaintiff and the members of his family constituted an element in the deprivation of the comfortable enjoyment of the property. The case is not bottomed upon personal causes of action arising to several from a single cause, but upon the injury resulting to the head of the family in the use of his property, which was maintained for the shelter of himself and family. No separate damage was claimed or proven as to the several members of the family, but the effect which the conditions surrounding the home had upon its occupants was proper proof in the case, and was so stated to the jury by the trial court. We think the given instruction in that respect fully covered the rights of the parties, and that in refusing that part of offered instruction No. 5 there was no error.

VII. In his petition the plaintiff alleged, among other

things, that the defendant's agents were negligent and careless in firing; and in the instructions to the jury the trial court

**6. SAME: negligence of employees.** stated that, if the plaintiff had failed to prove that his damages resulted from improper methods of firing, then he could not recover. The giving of the instructions which carried the requirement is urged as a reason why the motion for a new trial should have been sustained, as there was no proof as to the manner of firing, excepting from the results which followed. The right of recovery did not depend upon proof or negligence, but upon conditions which constituted a nuisance. *Bowman v. Humphrey,* 132 Iowa, 236; *Risher v. Coal Co.,* 147 Iowa, 459.

The rule given by the trial court was not in accordance with that which determines the kind of proof necessary to establish a nuisance. It was, however, the law which for the

**7. NEW TRIAL: instructions: law of the case.** time governed the jury in its deliberation, and because of having been so given, and there having been a failure of proof in that respect, we are of opinion that the motion for new trial should have been sustained. This could not operate as a bar to future proceedings, as the question was not raised in the motion to direct a verdict.

For the errors noted, the judgment is—*Reversed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.