E. O. Stovern, Appellant, v. Town of Calmar, Appellee.

March 12, 1929.

*Goheen & Goheen* and *E. R. Acres*, for appellant.

*C. N. Houck* and *W. M. Allen*, for appellee.

Wagner, J.—In his petition in equity in a prior suit between the same parties (which petition was filed April 13, 1926), the plaintiff alleged, in substance, that he is the owner of a certain farm situated near the town of Calmar, in Winneshiek County; that the defendant city, for a number of years last past, had been maintaining a nuisance, through its sewerage system; that, a short distance above the plaintiff's farm, the defendant had been emptying the sewage from said city into a creek which runs through the plaintiff's farm; that, by reason thereof, the water in said creek is polluted, obnoxious, and unwholesome, and is dangerous to health; that a sickening, unwholesome stench arises from the sewage in the creek; that the plaintiff had suffered damages by reason of the maintenance of

said nuisance during the five years last preceding the commencement of the suit, in the sum of $2,000: and he therein prayed that the defendant be perpetually enjoined from maintaining the nuisance, and for damages caused by the defendant city during the aforesaid period, in the sum of $2,000. Upon trial to the court of said action, the plaintiff was allowed damages in the sum of $259.91; but the court in its decree refused an injunction, and ordered the nuisance abated on or before January 1, 1927.. Upon appeal to this court, we held that the trial court should not have made its decree final, but that the same should have been in its nature interlocutory, giving the defendant a reasonable time in which to abate the nuisance, but holding jurisdiction for the final determination as to the rights of the parties in this respect; and the cause was remanded to the district court for the purpose of taking evidence upon the single proposition as to whether a nuisance still existed, and for the purpose that, upon said hearing, such decree with reference thereto as might be warranted by the evidence might be rendered. In all other respects, the action of the trial court on November 22, 1927, was affirmed. See *Stovern v. Town of Calmar*, 204 Iowa 983.

On December 3, 1927, the plaintiff began this action at law against the defendant city, asking, in his petition, damages accruing since April 14, 1926, to the same real estate, arising from the nuisance caused by the defendant city by reason of the maintenance of its sewerage system. One count of defendant's answer is alleged therein to be ''in the nature of a plea in abatement.'' The defendant therein makes a part of said count all the pleadings and judgment and decree rendered in the former suit, and also alleges the fact of the appeal to this court, and gives the substance of said opinion; that said cause is still pending in the trial court, and undisposed of; that this action is premature, and plaintiff is without any standing in court; and that this action should be abated.

To this count of the answer, the plaintiff filed his pleadings denominated ''Motion to Strike and Demurrer,'' alleging therein that the facts stated in said count of the answer do not entitle the defendant to the relief demanded; that the said count shows upon its face that the only action for damages therein was predicated upon the five years just preceding the 13th day of April, 1926, and was an abatable nuisance; that plaintiff is not required

to file in the original action a supplemental petition setting up and asking additional damages since the time of the filing of the petition in the former action. Upon submission to the court of said "Motion to Strike and Demurrer," the same was overruled, and plaintiff excepted to the ruling, and refused to plead further, and elected to stand squarely on his demurrer. From the action of the trial court in the overruling of said demurrer, the plaintiff has appealed.

It will be observed that, in the former suit, plaintiff asks for damages only for the last five years prior to April 13, 1926. Said damage was asked for the maintaining of an abatable nuisance. In cases where the alleged nuisance is abatable and of a continuing or recurring character, the damages are regarded as continuing, and one recovery against the wrongdoer is not a bar to successive actions for damages thereafter accruing from the same wrong. See *Harvey v. Mason City & Ft. D. R. Co.*, 129 Iowa 465; *City of Ottumwa v. Nicholson*, 161 Iowa 473; *Soderburg v. Chicago, St. P., M. & O. R. Co.*, 167 Iowa 123; *Bennett v. City of Marion*, 119 Iowa 473. Therefore, the plaintiff had a legal right to commence the instant case for damages which he alleges accrued subsequent to the time of the commencement of his former action. It is true, we have held that damages accruing subsequent to the filing of the original petition may be obtained in an action where an amendment to the petition or a supplemental petition asking said damages is filed. *Foote v. Burlington Gaslight Co.*, 103 Iowa 576; *Bowman v. Humphrey*, 124 Iowa 744. However, the plaintiff is not compelled to file a supplemental petition or an amendment to the petition, but has the legal right to bring an action at law for the damages subsequently accruing.

The plaintiff in his petition alleges that damages have accrued subsequent to the time of the commencement of the prior action. He is entitled in this action at law to recover damages accruing since April 14, 1926, and until the time of the commencement of this action, unless the nuisance has in the meantime been abated. If it was abated subsequent to April 14, 1926, and prior to the time of the commencement of this action, then he is entitled to recover damages for the period intervening between April 14, 1926, and the time of the abatement. The appellant acted within his legal rights. The commencement of his

action was not premature. The allegations of the aforesaid count of the answer constituted no defense to plaintiff's cause of action, and no reason why the same should be abated. The action of the trial court in overruling the demurrer was erroneous, and the same is hereby reversed.—*Reversed.*

ALBERT, C. J., and EVANS, STEVENS, FAVILLE, and KINDIG, JJ., concur.