In the Matter of the Application of CHARLES W. KRESS, Respondent, to Vacate an Order Permitting CHARLES NEER, Appellant, to Maintain an Action upon the Official Bond.

In the Matter of the Application of COLUMBIA CASUALTY COMPANY, Respondent, to Vacate an Order Permitting CHARLES NEER, Appellant, to Maintain an Action upon the Official Bond of CHARLES W. KRESS, Sheriff of Broome County, New York.

Third Department, January 19, 1934.

*Hinman, Howard & Kattell* [*A. Lawrence Abrams* of counsel], for the appellant.

*Lee, Levene & McAvoy* [*David Levene* of counsel], for the respondent Columbia Casualty Company.

*Levine, Pearis & Resseguie* [*Samuel H. Pearis* of counsel], for the respondent Charles W. Kress.

RHODES, J. It is claimed by the appellant that the sheriff of Broome county and his deputy were in search of a prisoner who had been convicted of a felony and committed to the custody of the sheriff from whom he had escaped; that in the course of said search said sheriff and his deputy illegally broke into and entered the home of the appellant and there wrongfully assaulted him.

The appellant applied *ex parte* to the court below and obtained an order permitting him to bring an action on the official bond of the sheriff by reason of the alleged wrongful act of said sheriff and his deputy. Thereafter applications were made on notice to the appellant herein in behalf of said sheriff and the Columbia Casualty Company to vacate said *ex parte* order, and after a hearing such order was vacated conditionally by the order now appealed from.

Appellant asserts that upon the facts presented no discretion remained in the court, nor any authority to vacate the original *ex parte* order. This argument is based upon the proposition that by section 20 of the Public Officers Law application may be made to the Supreme Court for permission to sue upon an official bond; that by section 22 the application is required to be accompanied by a certified copy of such bond; proof by affidavit of the fault or misconduct complained of, and that satisfaction of the same has not been received; and in certain cases that a demand has been made upon the officer or that such a demand cannot with due diligence be made.

Appellant emphasizes the fact that by section 23 it is provided that upon such application the court *must* grant an order permitting the applicant to maintain an action upon the bond or undertaking, and argues that upon making the proof required by section 22, the duty is mandatory upon the court to grant the order.

Section 21, however, provides that " Such application may be made without notice; but in that case the officer, or either of his sureties, may apply upon notice, to vacate an order permitting the applicant to maintain an action, *upon any ground showing that it ought not to have been granted.*"

Under section 21, therefore, it seems that the court had dis-

cretionary power to vacate the *ex parte* order upon the submission of any facts rendering it proper so to do.

In the proceeding before us the respondents presented several cogent reasons why the original order should not have been granted. They urged, in substance, that an action should first be brought against the sheriff for damages for his alleged misconduct; that if judgment were obtained and satisfied in such an action there would be no necessity for an action upon the bond and against the surety; that it would be prejudicial to the sheriff to have an action brought in which he was joined with the surety company as his surety because it might result in an enhanced verdict against him at the hands of the jury if it were known to the jury that a surety company was also liable with him. Furthermore, that under the contract of the sheriff with the surety company the sheriff is obligated to pay the costs of the surety company in defending.

The facts submitted were such as to justify the learned court below in the exercise of his discretion in vacating the *ex parte* order.

In practical effect the order appealed from does nothing more than to stay the bringing and prosecution of said action until the determination of a tort action by the plaintiff against the sheriff and his deputy. Surely the court had power in the absence of any statute to stay the prosecution of such action pending such determination.

The appellant further complains as to the terms of the stipulation exacted by the provisions of the order pursuant to which it was required that the said *ex parte* order be vacated unless the plaintiff Charles Neer stipulate with the defendants in the action brought by him against said sheriff, his deputy and said surety company, that such action against the surety company be severed from the action against the sheriff and his deputy; and that if the plaintiff should succeed in his action against the sheriff and his deputy, the court hearing such action might, upon the minutes of the trial therein, and such additional evidence as the plaintiff and surety company might desire to produce, determine whether the surety company is liable under its bond. The argument is that the court had no power to require the appellant to enter into such a stipulation for the reason that thereby the appellant would, among other things, be deprived of his right to trial by jury in his action against the surety company.

The court below had the power to vacate the *ex parte* order without imposing any conditions. In such case the appellant would have had no grievance. Instead, however, the court provided in effect that the action instituted by the appellant might be prosecuted if the appellant was willing to comply with certain con-

ditions, otherwise leave to prosecute would be denied pending the maintenance of an action against the sheriff and his deputy to recover damages for their alleged tort. The language in *Matter of Waverly Water Works Co.* (85 N. Y. 479, at p. 481) is pertinent. It was there stated: " The court, having the right in its discretion in such a case to refuse the discontinuance, can determine upon what terms it will grant it, and if it imposes terms which the party applying for the discontinuance is unwilling or unable to comply with, he is in no worse condition than he would have been if the refusal had been absolute." (See, also, *Hine* v. *N. Y. El. R. R. Co.*, 149 N. Y. 154, 160.)

The appellant, as a further ground of objection, claims that the defendants have waived their right to vacate the *ex parte* order. After it was granted, the action thereby permitted was commenced and the defendants have interposed answers thereto. The appellant says that by these answers the defendants have waived their right to ask that the order granting permission to sue be vacated.

The right to bring the action was subject to the right of the defendants to move to vacate the order permitting such action.

There is nothing to show that the appellant has been prejudiced in any way by the service of answers to the complaint. In the absence of some facts showing that the appellant has been prejudiced or misled to his detriment by the service of such pleading, the respondents should not be held to be estopped from seeking to vacate the order granting permission to sue, nor to have waived their right so to do.

For the reasons above set forth, the other questions presented as to whether the bond in question covers the alleged tortious acts of the sheriff are not discussed.

The order should be affirmed, with ten dollars costs and disbursements to each respondent.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur; McNAMEE, J., dissents on the ground that when the applicant shows a proper cause of action, a compliance in good faith with the requisites of the statute, the court must grant an order permitting the bringing of an action.

Order affirmed, with ten dollars costs and disbursements to each respondent.