I. W. POTTER, Appellant, v. A. B. SIMS, Appellee.

**Malicious prosecution:** EVIDENCE. In support of an action for
1   malicious prosecution, based on a charge of larceny alleged to have been committed by selling mortgaged personal property, the mortgagor may show that he had oral permission from the mortgagee to sell the same.

**Same:** REBUTTAL EVIDENCE. A plaintiff is always entitled on re-
2   buttal to disprove or explain alleged facts offered in evidence by the defendant.

**Same:** EVIDENCE OF PERSONAL INTEREST. Where a defendant in an
3   action for criminal prosecution has testified to his good faith in the prosecution of plaintiff, he may be cross-examined as to matters tending to show that he instituted the prosecution with a view to gaining some private advantage.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

MONDAY, MARCH 11, 1907.

REHEARING DENIED THURSDAY, OCTOBER 24, 1907.

ACTION at law to recover damages for malicious prosecution. Judgment for defendant, and plaintiff appeals.— *Reversed.*

*Gillespie & Bannister,* for appellant.

*McLennan & Brennan,* for appellee.

WEAVER, C. J.— The defendant filed an information before a magistrate and caused the arrest of the plaintiff herein upon a charge of larceny, alleged to have been committed by concealing or selling mortgaged personal property of the value of more than $20. On the preliminary examination the magistrate found there was not sufficient reason ·shown for believing the plaintiff guilty of the crime charged against him, and the prosecution was dismissed and the plaintiff ordered released from custody. Alleging that such prosecution was malicious and without probable cause to believe the truth of said charge, plaintiff seeks to recover damages.

It appears without controversy that in August, 1904, plaintiff bought a carriage of the firm of Sims & Gray, and secured the debt thus originating by a mortgage to the vendors upon the carriage and a certain gray mare then owned by him. It is the claim of the plaintiff that within a short time after this transaction the mare died, leaving no property subject to the lien except the carriage. Later plaintiff placed another mortgage on the carriage and a certain sorrel horse owned by him. This debt, he says, was for the purchase price of the sorrel horse, and the mortgage was paid off about two months later. Thereafter, being unable to pay the debt to Sims & Gray, plaintiff returned the carriage to them. Up to this point, the theory of the defendant does not differ materially from that of the plaintiff, except that he claims the gray mare did not die, but was traded by plaintiff for the sorrel horse. The appellant complains of numerous adverse rulings by the trial court, but we shall refer only to those which seem to us material and decisive of the appeal.

Defendant introduced in evidence the record of the second mortgage on the carriage of which mention has heretofore been made. In rebuttal, plaintiff offered to show

that in giving said mortgage he acted with the authority and

1. MALICIOUS
   PROSECUTION:
   evidence.

permission of the first mortgagees; but this testimony was excluded. He offered, also, to show that he had permission to sell the horse with the larceny of which he had been charged; and this was also excluded. It should also be said that this evidence was offered by the plaintiff in his main case, and was there excluded on the theory that it was matter in rebuttal only, but, when offered in rebuttal, it was excluded as incompetent. This ruling was erroneous. It cannot be upheld by reference to the statute, which declares it to be larceny for the mortgagor of personalty to dispose of it without the written consent of the mortgagee. That statute, as we have held, does not eliminate the element of wrongful or criminal intent in the offense of larceny. Neither does it exclude evidence of the consent of the mortgagee to the alleged criminal act. *Walker v. Camp,* 69 Iowa, 741; *Kletzing v. Armstrong,* 119 Iowa, 505. It would be a most monstrous exhibition of legal injustice if it were held possible that a mortgagee could give his express consent to a disposal of mortgaged property by the mortgagor, and then cause the latter to be prosecuted and punished as a felon, simply because the permission so given had not been reduced to writing. If a person accused of larceny by selling mortgaged property may rebut any conclusion of criminal intent by showing that he acted in good faith under the permission, oral or written, of the mortgagee, it follows for equally good reason that such evidence could not be excluded from the jury when offered in support of a claim for malicious prosecution. It would be difficult, indeed, to conceive of a more flagrant case of malicious prosecution than would be one where the complaining witness seeks to charge as a crime against his property or property rights an act to which he has given his express consent.

II. On cross-examination of plaintiff as witness in his own behalf, he was asked whether he had ever sold or

traded the gray mare, and answered in the negative.   In the
support of the defense, a witness was per-
mitted to testify that she lived near the resi-
dence of plaintiff, and that she saw one Shaw
bring a sorrel horse there and exchange it with plaintiff for
the gray mare, which he then drove away.   Plaintiff was
then called in rebuttal, and asked to state, whether he had ever
traded horses with Shaw, and what had been done with the
gray mare.   Upon objection of the defendant, this was ruled
out as not being proper rebuttal evidence.   This ruling was
erroneous.   Rebutting evidence is that evidence which is
given by a party to counteract or disprove alleged facts which
have been given in evidence by the other party.   See Bou-
vier's Law Dictionary; *State v. Gadbois,* 89 Iowa, 25; *State
v. Fourchy,* 51 La. Ann. 228 (25 South. 109); *Lux v. Hag-
gin,* 69 Cal. 255 (10 Pac. 674).   The matter of the alleged
trade of the horse to Shaw was brought out for the first
time in the evidence for the defense, and upon the plainest
principles of law plaintiff should have been allowed to meet
it with such denial or explanation as he desired to make.
No other course is consistent with justice.   It is no answer
to this objection to say that on his cross-examination in pre-
senting his main case he was asked the general question
whether he had sold or traded the horse, and answered such
question in the negative.   He was entitled to be heard con-
cerning the specific fact which the defense had brought out
as a justification or excuse for the institution of the crim-
inal proceeding against him, and the only proper place for
such denial or explanation was in rebuttal, after the defense
had rested its case.

III.   Upon cross-examination of the defendant, who
had testified to his good faith in causing the plaintiff's arrest
and prosecution, he was asked whether, after
such prosecution had been begun, he had not
offered to dismiss or drop it on condition
that his claim was paid; but the answer was excluded as

2. SAME:
rebuttal
evidence.

3. SAME: evi-
dence of
personal
interest.

immaterial and not proper cross-examination. The objection should have been overruled. If a criminal prosecution is not instituted for the purpose of enforcing the law alleged to have been violated, but for the purpose of enforcing the collection of a claim or gaining some other private advantage or benefit, such fact is a direct impeachment of the good faith of the prosecution, and inquiry into any matter which would tend to develop such a purpose on part of the person instituting the prosecution is clearly proper cross-examination when as a witness in his own behalf he claims to have acted without malice and upon probable cause.

Other questions argued by counsel are not likely to arise on a retrial of the case, and we do not attempt their review.

For the reason stated, the judgment of the district court is *reversed.*