A. M. VORHES, Appellee, v. CHAS. A. BUCHWALD, Appellant.

137 721
f138 364

137 721
f144 98

**Pleadings:** AMENDMENT. It is not an abuse of discretion to refuse
1 defendant the right to amend and change the issues after the plaintiff has rested his case.

**Malicious prosecution:** EVIDENCE. In an action for malicious prose-
2 cution it appeared that defendant had a lien upon goods of a third party and that plaintiff removed the goods, whereupon defendant caused his arrest, but upon learning that plaintiff removed the goods under direction of the owner the prosecution was dismissed. Held, that a rejection of testimony of the one in charge of the premises where the goods were kept, as to conversation with the wife of the third party was not prejudicial, it not appearing that she had any authority to make arrangements by which the goods were to be held; or that the same tended to support any defense interposed.

**Exclusion of evidence:** HARMLESS ERROR. A party cannot complain
3 of the exclusion of certain evidence where the same is subsequently related by the witness.

**Same.** Exclusion of evidence in a malicious prosecution by the officer
4 who held the warrant for plaintiff's arrest, as to his efforts to find the property plaintiff was charged with taking was not prejudicial, although its purpose was to show concealment and therefore affording ground for belief that it was improperly taken.

**Same.** Exclusion of evidence as to rent due defendant for which he
5 had a lien upon goods plaintiff was charged with wrongfully removing was not prejudicial, in the absence of a showing that plaintiff had knowledge of such indebtedness.

**Assignment of error:** REVIEW. The appellate court is not called
6 upon to consider objections to rulings upon evidence which are not argued, especially where the complaints are rather a criticism of the fairness of the court than of the prejudicial effect of the rulings.

**Instructions.** Where the instructions given state the law if anything
7 further is desired it should be requested.

Malicious prosecution: MALICE: PROBABLE CAUSE. Although malice and probable cause may be inferred from the commencement of a criminal prosecution for the purpose of collecting a civil debt, still the mere having of a civil claim and endeavor to collect it at the time of commencement of criminal proceedings is not ground for malicious prosecution.

*Appeal from Marshall District Court.*— G. W. BURNHAM, Judge.

FRIDAY, SEPTEMBER 27, 1907.

REHEARING DENIED, THURSDAY, MARCH 19, 1908.

ACTION to recover damages for malicious prosecution. Verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*Theo. F. Bradford,* for appellant.

*Binford, Snelling & Farber,* and *J. L. Carney,* for appellee.

McCLAIN, J.— An information was filed before a justice of the peace by this defendant charging this plaintiff with breaking and entering a building in the daytime with intent to commit larceny, under which this plaintiff was arrested. Subsequently the prosecution was dismissed, and plaintiff sues for damages. The facts relied upon by defendant to show reasonable belief that plaintiff was guilty of the crime charged against him were substantially that the plaintiff, having a key to a barn belonging to defendant in which was stored a camping outfit belonging to one Delaney on which defendant had a lien, entered said barn by means of the key without defendant's consent, but under the direction of Delaney, and took away the camping outfit. Defendant had no knowledge at the time the information was filed that plaintiff had any authority from Delaney with reference to the goods, but, when advised that plaintiff had such authority, he dismissed the prosecution.

I.　The complaint by appellant of the court's refusal to allow him to amend his answer after a ruling excluding certain evidence offered by him on the ground that it was not admissible under the pleadings cannot be sustained, for the reason that it was within the discretion of the court to refuse permission to amend so as to change the issues after the plaintiff had rested his case; the amendment offered being one substantially changing the issues, and no reason being made to appear why the amendment should not sooner have been filed.

*1. PLEADINGS: amendment.*

II.　The rejection of the testimony of one Doolittle, who had charge for defendant of the premises where Delaney's goods were kept, as to a conversation with Mrs. Delaney with reference to the goods, does not appear to have been prejudicially erroneous, first, because, as far as it is shown, Mrs. Delaney had no authority to make any arrangement by which the goods were to be held for rent; and, second, that it does not appear that the answers of the witness to the questions to which the objections were sustained would have tended to support any defense interposed in the case.　The arrangement with the Doolittles, such as the defendant claimed it to have been, was otherwise proven without objection, and no prejudice resulted from the refusal of the court to allow Doolittle to testify with reference to his conversation with Mrs. Delaney.

*2. MALICIOUS PROSECUTION: evidence.*

One Dotson, publisher of the Times-Republican newspaper, having testified for plaintiff as to the publication in his paper of an account of plaintiff's arrest, was asked on cross-examination whether his paper did not publish the result of the proceeding against plaintiff, and the court sustained an objection to the question unless it related to the same issue in which the fact of the arrest was published; but it appeared in the cross-examination that such publication was made in

*3. EXCLUSION OF EVIDENCE: harmless error.*

a subsequent issue, and defendant could not have been prejudiced by the ruling, even if it should be conceded to be erroneous.

Objections were sustained to questions asked a constable who held the warrant under which plaintiff was arrested as to his efforts to find the property, and plaintiff's objections to these questions were sustained.

4. SAME.    It does not appear what the defendant was seeking to prove by this evidence. The contention in argument is that the purpose was to show a concealment of the property by plaintiff, which would tend to afford grounds for reasonable belief to defendant that the property had been improperly taken. But the questions do not relate to anything for which plaintiff was in any way responsible, so far as is indicated by the questions themselves, and we think that no prejudicial error was made to appear. The fact that the constable hunted for the property in the possession of some one else than the plaintiff, and did not find it, would not tend to prove that the plaintiff had concealed it; nor would it justify a belief of such concealment on the part of the defendant. The witness had already testified that he made no inquiry of plaintiff as to where the goods were.

The rulings of the court sustaining plaintiff's objections to questions asked of the defendant as a witness with reference to the rent due from Delaney to defendant would not

5. SAME.    in themselves tend to show any criminal intent on the part of plaintiff in taking away the goods under Delaney's order; there being no offer to show that plaintiff had any knowledge of such indebtedness.

Many complaints are made as to the overruling of objections by defendant to testimony offered for plaintiff, but they are not supported by any argument. We do not

6. ASSIGNMENTS    feel called upon to notice mere complaints
OF ERROR:
review.    which counsel do not see fit to argue. These complaints are directed rather against the fairness of the

court than against the rulings as prejudicially affecting the result of the trial to the jury.

III.    Several criticisms of the court's instructions are indulged in by counsel for defendant; but so far as we understand the objections, which are made almost without pretense of argument, they are without merit. For instance, the jury were told in effect that malice may be inferred from want of probable cause.    Counsel do not contend that this is not a correct statement of the law.    If further instruction on the subject were desired, it should have been asked.

**7. INSTRUCTIONS.**

In another instruction the jury were told that, if it appear the prosecution was commenced solely for the purpose of collecting or coercing collection of a debt or private claim or to discover property, such facts infer both malice and want of probable cause; but the instruction further indicates that the fact that defendant had a debt or private claim against the plaintiff which he had a right to and desired to collect, and endeavored to collect at the same time he commenced to prosecute a criminal action, would not alone render him liable ¦for malicious prosecution, provided the prosecution was not commenced through malice and without probable cause. We cannot understand wherein this instruction is objectionable. ˙ The law requires good faith on the part of the person making complaint, and if he does not prosecute for proper purpose the existence of facts which might have justified belief on his part of the existence of probable cause will not excuse him.    *Potter v. Sims,* 135 Iowa, 739.

**8. MALICIOUS PROSECUTION: malice: probable cause.**

The objection that certain instructions are not supported by evidence is not well taken, nor can it be said that the verdict was without support in the evidence.

Finding no prejudicial error in the record, the judgment is *affirmed.*