A. L. SHIPPLEY, Appellee, v. E. W. GREMMELS et al., Appellants.

**TRIAL:** Instructions—**Correct But Inexplicit.** Correct but inexplicit instructions are all-sufficient, in the absence of requests for more detailed ones.

**ATTACHMENT:** Action on Bond—**Evidence of Nonfraudulent Intent.** In an action on an attachment bond, plaintiff, on the issue whether he was about to dispose of his property with fraudulent intent, may show by his creditors what he was doing in the matter of disposing of his property, and what statements he had made to his creditors relative to paying his debts.

**ATTACHMENT:** Action on Bond—**Evidence in re Malice.** In an action on an attachment bond, evidence of declarations by the defendant tending to show malice in instituting the attachment is admissible.

**ATTACHMENT:** Action on Bond—**Explanation in re Conveyance of Property.** In an action on an attachment bond, plaintiff may be permitted to explain the circumstances attending the execution of an apparent conveyance to his wife,—the attachment having been issued on the ground that the defendant in attachment was about to dispose of his property with intent to defraud his creditors.

**ATTACHMENT:** Action on Bond—**Evidence Supporting Verdict.** Evidence reviewed, and held to establish the wrongful suing out of an attachment.

*Appeal from Fayette District Court.*—H. E. TAYLOR, Judge.

DECEMBER 13, 1921.

ACTION on attachment bond, to recover damages on account of alleged wrongful suing out of an attachment and levy upon a restaurant property. Trial to a jury. Verdict for $1,095 for plaintiff, and defendants appeal.—*Affirmed.*

W. B. *Ingersoll* and *Miller, Kelly, Shuttleworth & Seeburger,* for appellants.

E. H. *Estey* and *James D. Cooney,* for appellee.

ARTHUR, J.—Plaintiff owned and was operating a public eating house in the town of Oelwein, Iowa. On the 17th day of May, 1919, defendant E. W. Gremmels commenced an action in the superior court of Oelwein against the plaintiff, and sued out a writ of attachment, filing attachment bond in the usual form, signed by himself and defendant Emma D. Gremmels, in the penal sum of $1,200, and caused the writ to be levied on the property of plaintiff, consisting of a stock of goods, fixtures, equipment, and supplies in the restaurant. At the time of the levy, the plaintiff was the owner of the property by purchase under contract from Mae Kern, which contract provided for the payment by installments of $100 a month, all of which had been paid except four installments of $100 each.

Plaintiff alleged that, by reason of the wrongful suing out of the attachment in the case commenced in the superior court, and the levy upon and the taking possession of his property, he was wrongfully prevented from using his property and operating an eating house, to his great loss; that, by reason of the seizure of his plant, he was unable to make the payments on his contract of purchase, and the contract was forfeited and canceled, thereby depriving him of the ownership under the contract; and that the property was sold to defendant E. W. Gremmels.

Plaintiff avers that, at the time the attachment was issued and levied, he was not, as alleged in the attachment suit by Gremmels, about to and did not intend to dispose of his property with intent to defraud his creditors; that said E. W. Gremmels had no reasonable cause to believe that the grounds upon which the writ was sued out were true; that said attachment was sued out by defendant maliciously, and with intent to injure him; that

the facts relied on and set out by defendant E. W. Gremmels, as his cause of action in said attachment suit, were false, and known by defendant to be false at the time the attachment was issued; that Gremmels caused said attachment to issue with the specific intent to harm plaintiff, and to cause him to make a forfeiture under his contract with Mae Kern, so that his purchase of the property under said contract might be declared forfeited, so that defendant could purchase said property from Mae Kern, and thereby obtain possession and control of the property, and deprive plaintiff of his interest therein.

Actual damages in the sum of $2,000 and exemplary damages in the sum of $1,500 were demanded.

Defendants admitted instituting the action in the superior court of Oelwein, and the issuance of a writ of attachment, and the levy upon plaintiff's property, and the giving of the bond, but denied that the attachment was wrongfully sued out. From the judgment entered on the verdict, defendants prosecute this appeal.

Many errors are assigned, on which appellants rely for reversal, some of which are as to rulings in admission and exclusion of testimony, and others are lodged against instructions given. No instructions were requested.

The issues were: Was plaintiff about to dispose of his property with intent to defraud his creditors; or did defendants have any reasonable ground to believe that plaintiff was about to dispose of his property with intent to defraud his creditors? Defendants did not, by a motion to direct a verdict, question the sufficiency of plaintiff's case to go to the jury, and made no request for instructions. After the verdict was returned in favor of plaintiff, defendants excepted to certain instructions, and the substance of the complaint is that the instructions are not comprehensive enough; that the court on its own motion should have enlarged on the instructions so that they would have more fully explained the issues to the jury, and what evidence should be considered in determining the issues. It is not claimed that the instructions given do not correctly state the law. Appellants complain that the instructions were incomplete, and failed to give the jury an intelligent idea of the questions to be decided; and that it was error to fail to instruct with reasonable fullness,

without request; that the jury should have been told that the plaintiff had the burden of proving the negative proposition that he was not about to dispose of his property with intent to defraud his creditors, and other matters of that character; that the jury should have been told that it was not necessary that the information upon which Gremmels sued out the attachment be true, if he acted in good faith and with reasonable care; that, if the grounds alleged were true, in fact, suing out the attachment was not wrongful, even though Gremmels had no knowledge of its truth.

The instructions are not vulnerable to the attack that they were so incomplete as to fail to present the necessary questions, and issues to be decided. The instructions were brief. They might well have been more elaborate, but they presented with clearness the issues to be determined in the case. Some additional explanatory instructions might properly have been given, but we think they were not necessary in this case. The issues were not obscure, and were easily understandable by the jury, without further explanation than was given. While the court did not tell the jury specifically that it was not necessary that the information on which Gremmels sued out the attachment be true, if he acted in good faith and with reasonable care, and that, if the grounds of attachment were true in fact, the suing out of the writ was not wrongful, the court did, by clear instructions, place the burden on plaintiff of establishing by the evidence that, at the time the writ was sued out, he was not about to dispose of his property with intent to defraud his creditors, and that defendant E. W. Gremmels had no reasonable ground to believe that he was about to dispose of his property with intent to defraud his creditors. While the court did not give definite and explanatory instructions by way of making specific mention of items of evidence to be considered in determining any particular issue, we think the instructions fairly fulfill the office of instructions, which is to state the rules of law applicable and pertinent to the matters to be determined, and not to marshal the evidence, or by special mention to give undue prominence to any particular phase or feature of the fact case made by either party to the controversy. *Kelly v. Chicago, R. I. & P. R. Co.*, 138 Iowa 273.

The instructions are not so comprehensive and explanatory as they might be; but as far as they go, they correctly state the law, and if appellants desired more specific and explanatory instructions, they should have been requested. *Vorhes v. Buchwald*, 137 Iowa 721; *Little v. Iowa S. T. M. Assn.*, 154 Iowa 440; *Colby Bros. & Co. v. United Brew. Co.*, 148 Iowa 552.

1. TRIAL: instructions: correct but inexplicit.

Appellants complain because witness Luthmer was permitted to testify, over objection, that:

"Mr. Shippley owed me a bill, and a few days prior to the date that this place was closed or taken over, he came in and gave me a check for $50; and if I am not mistaken, it was signed by his wife; and he says to me 'I am contemplating on selling this place;' and a little while previous to this, Mr. Bittinger was in my place, and I was taking figures on paper of how Mr. Shippley owed Mr. Gremmels and different parties. Shippley came to my desk, and told me that, in case he did sell, when the transaction was made I could come over and get the balance of my money."

2. ATTACHMENT: action on bond: evidence of non-fraudulent intent.

Plaintiff was bound to negative the charge that he was about to dispose of his property with intent to defraud his creditors, and it was competent for him to show his intentions by showing what he did when he contemplated the sale of his property, by producing his creditors, and by having them tell the jury the facts of the matter. The objection that such evidence was incompetent, because not in Gremmels' presence, was properly overruled.

Error is assigned for exclusion of a certain Exhibit 41, notice of declaration of forfeiture, we assume, of the Kern contract. The instrument is not set out in the abstract. The exhibit was properly excluded on the ground that it was not properly identified, and also because it was not shown to have been served on Shippley.

Complaint is made of the court's ruling in admitting evidence of statements made by Gremmels. A witness was asked about a conversation with Gremmels, wherein Gremmels told him he brought the attachment "because Walt Bittinger told him to," and as to what Gremmels said about believing Shippley was about

3. ATTACHMENT: action on bond: evidence *in re* malice.

to dispose of his property with intent to defraud his creditors. The ground of the objection was that the conversation was had after the attachment took place. This testimony was competent and material on the question of whether the attachment was maliciously sued out, and the time that the admission was made could not affect its admissibility, and the defendant's objection was rightly overruled.

Complaint is made that the court erred in permitting Shippley to explain, in rebuttal, a certain Exhibit 34, introduced in evidence by defendants. The exhibit is:

"Oelwein, Iowa, May 9th. I hereby give Mrs. A. L. Shippley possession and bill of sale of the Antlers' Cafe, full management and collection of all accounts. (Signed) A. L. Shippley."

**4. ATTACHMENT: action on bond: explanation *in re* conveyance of property.**

This writing was found in the cafe by Gremmels, some time after the attachment suit was begun, and after Gremmels had taken possession of the plant. This writing was never delivered. Shippley was permitted to say that he left the writing so that his wife could have the place, if anything happened to him. He was just starting away on a trip. The exhibit had been offered for the purpose of showing that Shippley had, in fact, made a sale of the property. It was not error to permit Shippley to show the circumstances surrounding the execution of the writing.

Appellants assign error in overruling motion for a new trial on the grounds that the verdict is not sustained by the evidence, in that the evidence shows that defendants had reasonable grounds to believe that Shippley was about to dispose of his property with intent to defraud his creditors, and that Shippley had failed to negative this.

**5. ATTACHMENT: action on bond: evidence supporting verdict.**

They also claim that the damages are excessive. After a careful examination of the testimony, we conclude that there was no lack of evidence to support the finding that Gremmels had no reasonable grounds to believe that Shippley was about to dispose of his property with intent to defraud his creditors; that this issue was fairly submitted to the jury, and had sufficient support in the evidence to uphold the finding of the jury. We gather from the record that Gremmels had knowledge of Shippley's circumstances; that Shippley went to Gremmels

and told him that he was behind, and could not pay his bills in full, but that he would pay him when he could; and that Gremmels said that it was all right. The record discloses that Gremmels knew that Shippley was trying to sell the business; that they had talked it over together; and that Shippley told Gremmels that he was trying to sell to various persons; and that, if he did sell, he would notify Gremmels, and the latter might come right over and get his money. It appears without dispute that, as soon as the levy was made, Gremmels receipted for the property, and operated the business himself; that no judgment was entered in the original attachment suit. He was operating the business over a year after the seizure, without any sale under the attachment, and was offering it for sale himself.

We think sufficient support is found in the evidence for the finding of the jury that the attachment was maliciously sued out by Gremmels for the purpose of putting Shippley in a situation where he could not meet payment on his contracts, so that Gremmels could freeze him out, and obtain the business for himself. The record discloses that Gremmels went to the holders of the contract of purchase and asked them to foreclose or forfeit Shippley's contract.

Complaint is made of the measure of damages adopted by the instructions. The jury was instructed to allow as actual damages, if it found for plaintiff, the reasonable market value of the property attached, at the time and place of seizure, after deducting the balance due on the contract of purchase. Also, the jury was instructed, in substance, that, if it found that the attachment was maliciously sued out, it might allow the plaintiff punitive damages. No instruction on the measure of damages was requested by defendant. We cannot say that the verdict in the amount of $1,095 for both actual and exemplary damages, under the evidence, was too high.

We have not discussed each assignment separately, but have examined all of them, and our discussion covers the points raised.

We find no error in the record. The trial was a fair one to both parties. The judgment of the trial court will not be disturbed, and is affirmed.—*Affirmed*.

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.